## No. 13,788.

### KIDD *v*. THE PEOPLE.
(51 P. [2d] 1020')

Decided September 30, 1935.   Rehearing denied November 25, 1935.

Mr. JOEL E. STONE, Mr. CHARLES E. COUGHLIN, for plaintiff in error.

Mr. PAUL P. PROSSER, Attorney General, Mr. WALTER F. SCHERER, Assistant, for the people.

*In Department.*

MR. CHIEF JUSTICE BUTLER delivered the opinion of the court.

THOMAS Edgar Kidd was convicted of receiving stolen goods of the value of $161, knowing them to have been stolen, and was sentenced to imprisonment in the penitentiary. He claims that the court erred in several of its rulings during the trial, and that because of those errors the judgment should be reversed.

The people's evidence tended to show that on the night of December 25, 1934, Ray Hardesty and George Wahl burglarized a drug store in Denver; that they took a large quantity of liquor and cigarettes and sold them to the defendant, who kept a pool hall at Evergreen; and that when he received the property the defendant knew that it had been stolen.

1. The police officers installed a dictograph in the defendant's place of business. Police officer Stanton testified that on January 28, 1935, he saw Wahl and one Sanders enter the defendant's place of business; that thereupon he listened over the dictograph to a conversation; that he heard the defendant say to somebody that he would take all the cigarettes that they could get, and wished to pay them in return for those cigarettes in some "velvet," by which, the defendant explained, he meant counterfeit money. It is contended that this testimony was inadmissible because the speaker was not sufficiently identified as the defendant.

The witness testified that he had heard the defendant speak once when he was 25 feet distant, and again when he was 60 feet distant; that he had heard him "numerous times" over the dictograph, and was fairly familiar with his voice. The testimony concerning the identity of the speaker was sufficient to go to the jury. In important particulars the case differs from *Miller v. People*, 70 Colo. 313, 201 Pac. 41, relied upon by the defendant. In that case the facts were different. Moreover, that case rested largely upon the testimony concerning

the conversation, and the court said that in the circumstances disclosed by the record the testimony was of doubtful competence and was "far from establishing the guilt of the defendant."

The court did not err in admitting the evidence.

█ 2. Police officer Stanton, a witness for the people, gave damaging testimony against the defendant. For the purpose of affecting Stanton's credibility as a witness by showing his bias or hostility against the defendant, the defendant offered to prove by one Hobbs, one of the witnesses for the defense, that Stanton arrested the witness and put him in jail for 72 hours, telling him that unless the witness would testify to what he knew of and concerning the defendant, he (Stanton) would "pin something on him" or "hang something on him." The offer was rejected by the court and the defendant excepted to the ruling. The evidence was admissible for the purpose for which it was offered, and it should have been received. It was a circumstance to be considered by the jury in determining what weight they should give to Stanton's testimony. 28 R. C. L., p. 615. Considering the kind of evidence produced against the defendant, the exclusion of the offered evidence could not have been otherwise than prejudicial.

There are other assignments of error, but they need not be discussed.

The judgment is reversed, and the cause is remanded for a new trial.

MR. JUSTICE HILLIARD and MR. JUSTICE HOLLAND concur.

*On Petition for Rehearing.*

MR. CHIEF JUSTICE BUTLER delivered the opinion of the court.

In their petition for a rehearing, counsel for the people call attention for the first time to the fact that Stanton was not asked on cross-examination whether

or not he had arrested the witness Hobbs and had told Hobbs that unless he would testify to what he knew of and concerning the defendant, he (Stanton) would "pin something on him" or "hang something on him." They urge that in such circumstances it was not error to sustain the objection to defendant's offer to prove by Hobbs that Stanton had placed him under arrest and had made that statement to him.

In *Jaynes v. People*, 44 Colo. 535, 99 Pac. 325, we held that one not a party cannot be discredited by proof of contradictory statements unless first himself interrogated as to the alleged contradictory statements. It is contended that the rule should be extended to cover statements that are not contradictory, but that show bias on the part of the witness. On that question the authorities are not harmonious, and we have not heretofore passed upon the question.

The rule with reference to contradictory statements is so firmly established that it would be inadvisable to change it, though it was adopted upon the assumption that if the witness were not given the opportunity on cross-examination to explain the statement, or to deny that he made it, he never would have the opportunity to do so. That assumption is without substantial foundation. The witness who is said to have made the contradictory statement may be recalled to the stand and permitted to explain such alleged statement or to deny that he made it. Wigmore says that "the rule requiring such an inquiry before proving a prior self-contradiction has been pushed so far, and applied so stiffly and arbitrarily, that on the whole it now does quite as much harm as good." 2 Wigmore on Evidence (2d Ed.) §953. Discussing the question whether the rule should be extended to cover former statements that are not contradictory but that show bias, the same author adds: "To import it in its present shape into any subject where it does not strictly belong by precedent seems unwise." The authorities are in conflict. It has been stated that

in most jurisdictions the rule applied in the case of prior contradictory statements should be extended to cases involving statements that are not contradictory but that show bias. See note, 16 A. L. R. 984; 20 Ann. Cas. 224; 70 C. J., p. 995. However, we believe that the rule requiring interrogation on cross-examination before admitting evidence of contradictory statements, though firmly established, is of doubtful value at best, and that the rule should not be extended to statements that are not contradictory, but that show bias.

But even under the rule invoked by the people, the people should not, in the circumstances disclosed by the record in this case, be permitted to take advantage of it on review. When the offer of proof was made, the people did not object to it on the ground that no foundation had been laid by asking Stanton on cross-examination whether or not he had made such statement. If that objection had been made, as in fairness to the court and to the defendant it should have been, the trial court could, and no doubt would, have permitted the defendant to recall Stanton for the purpose of asking him the question, thereby avoiding the objection to the offered testimony. 28 R. C. L., p. 617.

The petition for rehearing is denied.