No. 17,690.

NICHOLAS ANGELOPOULOS *v.* VELMA MAY WISE, ET AL.
(293 P. [2d] 294)

Decided January 16, 1956.   Rehearing denied February 27, 1956.

Mr. BEN KLEIN, for plaintiff in error.

Messrs. GELT & GROSSMAN, for defendant in error.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the Court.

A PETITION in contributory dependency against plaintiff in error was filed in the juvenile court in the City and County of Denver, on July 9, 1954 by Anna Wise, next friend of a minor child, Velma May Wise. This petition charged that plaintiff in error, who will be referred to as defendant, was the father of the then unborn child which he had failed to support in failing to provide support and medical attention for the mother.

On request of defendant, a jury was empaneled to try the issues. Defendant denied the allegations of the petition. October 19, 1954, the jury returned a verdict finding defendant to be the father of the unborn child and guilty of contributing to its dependency.

Defendant moved for a new trial on several grounds, principally that the verdict was contrary to the evidence and that the trial court committed error in commenting on the evidence to the jury.

■ The child was born December 27, 1954. Defendant in error, the mother, testified to one act of intercourse between herself and defendant and seemed to be uncertain as to whether it was on March 25, 26, or 27 of 1954. A physician, who had examined the mother in June, testified that the conception could have taken place in April. A study of this physician's testimony, the only medical testimony offered, reveals a definite uncertainty as to the time of conception, but he stated: "I suppose it's conservative that pregnancy might have occurred in this particular individual early in April." There is no act of intercourse claimed to have occurred in April. We see little reason to detail the medical testimony concerning conception and pregnancy, except to say that in the face of a denial, a verdict or finding of parenthood should be based on something more than uncertain and doubtful testimony as to periods of time involved.

A witness for defendant testified as follows:

"Q. Did you ever have any conversation with Miss Wise in relation to Mr. Angelopoulos? A. Well, she did tell me that she was going to snag him one way or the other. * * * and she started crying and saying that she was going to get him one way or another, that he was doing her wrong and what not * * *. Q. Did she make any remarks at that time? A. She said she would kill him one of these days. Q. Did she make any other remarks? A. * * * she said she didn't like Dagos and I'm a Dago, but I just let it slide. She said she didn't like Greeks. Q. She told you that, that day? A. Yes, and Chicanos, Mexicans."

Counsel for plaintiff moved to strike all of the above testimony. In passing upon the motion the trial court made the following remark in the presence of the jury:

"Well, the evidence as it turns out has no bearing on the issue. I will grant you that. The Court can't do more than to state that to the jury. I think the jury can understand that it has little bearing on the issues."

136

Objections were made by defendant's counsel to this comment on the evidence and he raised the same objection in his motion for a new trial.

▆ The petitioner had the burden of proving that conception occurred as the result of the one act of intercourse alleged. This in face of the medical testimony that the conception could have occurred in April, the physician having carefully avoided stating that it occurred in March. Two tests were made by the doctor. One on May 21 and the other June 28, both showing a negative result. It was shown that the type of tests used is 95% accurate. In this state of the evidence, the jury was left to mere conjecture, and we are compelled to say that the verdict is not clearly supported by the evidence.

▆ Concerning the statement of the trial court in commenting on the evidence, counsel for petitioner made no objection to the testimony of the witness until all of the testimony as above set out had been completed. The petitioner had denied making any statements and this witness was called in an effort to prove that she had made such statements disclosing a prejudice against defendant. The jury was entitled to consider the evidence for what it was worth without any comment from the trial court. The weight to be given such testimony, as well as the credibility of the witness, rests always in the judgment of the jurors.

▆ It is to be noted that the trial court, in effect, told the jury to disregard the testimony, but refused to strike it. Generally, where, as here, the evidence offered was intended to impeach the testimony of petitioner by showing statements made out of court which are in direct conflict with her testimony in court, a foundation should be laid to afford petitioner an opportunity to deny, admit or explain such statements; however, the object here was to show a purpose and a determination on petitioner's part to convict defendant. In such circumstances no foundation need be laid. *Kidd v. People,* 97 Colo. 480, 51 P. (2d) 1020.

Rule 51, Colo. R.C.P. clearly prohibits comment on the evidence by the trial court. For the reasons indicated the judgment is reversed and the cause remanded with direction to the trial court to grant defendant a new trial.

MR. JUSTICE MOORE and MR. JUSTICE CLARK dissent.