No. 22870.

RAYMOND MARTINEZ v. THE PEOPLE OF THE STATE OF
COLORADO.
(470 P.2d 26)

Decided June 8, 1970.

JOHN S. CARROLL, REBECCA L. BRADLEY, for plaintiff in error.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, George E. DeRoos, Assistant, for defendant in error.

*En Banc.*

Mr. Justice Day delivered the opinion of the Court.

Raymond Martinez was found guilty of assault with intent to commit robbery. From that judgment he brings writ of error.

One assignment of error advanced by Martinez is that the court erred in allowing Martinez to proceed to trial *pro se* because (a) he had never intelligently waived his right to counsel; (b) he was influenced in his decision by a choice between his right to counsel and his right to a speedy trial; and (c) he clearly was not competent to try his own case.

The record establishes that Martinez was arrested on December 23, 1965. He was arraigned on January 12, 1966, at which time he indicated he was indigent and that he did not have an attorney. He raised objections to having the public defender represent him and insisted upon defending himself. He stated that if the court appointed an attorney he would refuse to cooperate with him. The judge then hearing the matter interpreted his remarks to apply to not only the public defender but any other attorney that might be appointed. This judge strongly urged that the defendant accept an appointed attorney.

The defendant was next before a second judge, again not the trial judge, and was again most strongly urged to accept an appointed attorney. This judge described to him some of the involved matters that might be encountered and the reasons why he could not adequately represent himself. The defendant persisted in his refusal to have an appointed attorney.

On the date of the trial, the judge before whom Martinez was tried went to great lengths in an attempt

to convince the defendant that he should have appointed counsel. Finally, the judge told him that he was going to arrange for the appointment of counsel anyway. to which the defendant replied, "I don't want counsel."

A suggestion was made by the trial judge that appointment of an attorney to sit with defendant might be arranged. The defendant responded in an ambiguous manner, possibly indicating that he would accept such an arrangement. Later, however, at the end of the conference concerning the appointment of counsel, the defendant made a statement which we interpret as a refusal even to have an attorney sit with him.

## I.

We are here confronted with two constitutional rights. One is that an indigent defendant in a criminal case has a federal constitutional right to have counsel represent him at his trial. In *Gideon v. Wainwright,* 372 U. S. 335, 83 S. Ct. 792, 9 L.Ed.2d 799, the United States Supreme Court expressly held that the Sixth Amendment was made obligatory on the states by way of the Fourteenth Amendment. But there is also a constitutional right of a defendant to defend himself. Article II, section 16 of the constitution of Colorado provides that the accused "shall have the right to appear and defend in person and by counsel." While the United States Constitution does not specifically provide that an accused may proceed *pro se,* the federal courts have recognized such a right. The United States Supreme Court in *Johnson v. Zerbst,* 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461, has held that a defendant will be permitted to proceed without counsel *only if he has an intelligent understanding* of the consequences of so doing. Herein Martinez said he knew what was involved and could handle the matter. There must be a limit beyond which trial judges do not have to proceed when one refuses counsel. The limit was reached in this case, and it was not error for the court to proceed with the trial.

## II.

■ Although we hold that the court, under the circumstances, acted properly in proceeding with the trial without counsel for the defendant, we find that when it became apparent that defendant was not competent to defend himself the court did not properly protect the defendant's rights in instructing the jury. Prejudicial error ensued in the failure to properly instruct the jury on a vital element concerning specific intent necessary to commit the crime charged.

The evidence adduced by the people and on cross-examination of the defendant made it apparent that Martinez was intoxicated at the time of the alleged commission of the assault. He had been drinking for six hours. The condition he was in was demonstrated by the ease with which the complaining witness overcame and subdued the defendant who had an unloaded gun which he had found just a few minutes before. It is apparent from the record that Martinez did not know that intoxication, if proven, might remove the element of specific intent from the crime with which he was charged. He did not request an instruction on voluntary drunkenness; clearly he did not know what it was. The court, however, should have recognized this factor as an element in defense of the charge and should have instructed the jury on the matter of voluntary drunkenness.

*Brennan v. People*, 37 Colo. 256, 86 P. 79, is declarative of Colorado law on the question. This court there said:

"* * * it is uniformly held that drunkenness is not an excuse for crime, yet all the cases hold that when a particular intent forms the gist of the offense, as contradistinguished from the intent necessarily entering into every crime, and is made to depend on the state and condition of the mind of the accused at the time, and with reference to the acts done and committed, drunkenness as a fact affecting the control of the mind, is proper for the consideration of the jury in determining whether the

accused was capable of entertaining the positive and particular intent requisite to make out the offense."

In *Brennan* the trial court refused an instruction embodying the above intendment of the law in a first degree murder case. This court held that it was reversible error to refuse the instruction.

■ "* * * Suffice it to say that there was evidence tending to prove the fact [drunkenness], and it was for the jury to determine whether the defendant was so intoxicated as to be unable to form the deliberate intent necessary * * *."

Intent to rob requires knowing, deliberate action.

■ To sum up, a reading of the transcript indicates that the defendant was so inept that he did not and could not conduct a proper defense for himself. Therefore, the absence of defense counsel in this case and the total ineptness of the defendant to conduct a defense for himself actually resulted in a lack of due process.

III.

Although our disposition of the cause makes it unnecessary to consider the other assignments of error advanced by the defendant, we deem it appropriate to comment on the argument advanced concerning the giving of the instruction on the presumption of innocence. This is a stock instruction which has been used by the courts for years, and because of its long history we would not hold that the giving of the instruction was reversible error. Nevertheless the instruction is not a good statement of the law and the giving of it has fallen in disrepute in other courts. For Colorado to continue to use it would perpetuate our blind tread down the path laid out for us by those who have gone before. The instruction as given and as widely used reads as follows:

"The law presumes the defendant to be innocent, and this presumption continues until overthrown by evidence sufficient to exclude all reasonable doubt of his guilt. This rule of law which clothes every person accused

of crime with a presumption of innocence, and imposes upon the People the burden of establishing his guilt beyond a reasonable doubt, is not intended to aid anyone who is in fact guilty of crime, to escape, but is a humane provision of the law, intended, so far as human agencies can, to guard against the danger of an innocent person being unjustly punished."

An almost identical instruction was considered in *Reynolds v. United States*, 238 F.2d 460 (9th Cir.). The criticism of the instruction is well set out in that case, and we are persuaded by its logic and common sense. The court said: "The presumption of innocence was developed for the purpose of guarding against the conviction of an innocent person. It was not developed for the purpose of aiding the guilty to escape punishment. It is nevertheless perfectly plain that the presumption, together with the related rule on the burden of proof, in guarding against the conviction of an innocent person, may in some cases prevent the conviction of a person who is actually guilty. Thus, where the prosecution is unable to muster evidence sufficient to overcome the presumption, there will be an acquittal, even though the defendant be actually guilty.

"This is a calculated risk which society is willing to take. It does so because it regards the acquittal of guilty persons less objectionable than the conviction of innocent persons.

"The inclusion of the qualification in question in an instruction on the presumption of innocence is designed to curb that calculated risk. It accomplishes this by implying that society is just as anxious to convict the guilty as it is to acquit the innocent. The implication is false, else there would be no presumption of innocence. It subverts the presumption, since it distracts attention from its paramount purpose of protecting the innocent. When this qualification is added to an instruction on the presumption of innocence, the result is to leave matters about where they would have been had no instruction on the presumption been given.

"Since it is right to instruct on the presumption of innocence, it is wrong to add this self-defeating qualification. * * *"

The court then stated it was in agreement with *Gomila v. United States,* 146 F.2d 372 (5th Cir.) and Judge Frank's dissent in *United States v. Farina,* 184 F.2d 18 (2d Cir.) *cert. denied* 340 U.S. 875, 71 S. Ct. 121, 95 L. Ed. 636.

The same court in *Shaw v. United States,* 244 F.2d 930, reaffirmed its holding in the *Reynolds* case with the following qualification:

"Our acute awareness of the rights of a defendant has discovered that such an instruction might mislead a jury in a case where the facts are in doubt, as was the situation in *Reynolds v. United States.* But we are not bound to reverse in every case where the instruction may have been given, notwithstanding the obvious guilt of the defendant and the overwhelming weight of facts which are not even contested. Our disapproval of the instruction stands. This Court should never be required to pass again on a case where such an instruction or a substantially similar one has been given."

The Supreme Court of Mississippi has also condemned this instruction in a series of recent cases. *See Murphy v. State,* 195 So.2d 847; *Keith v. State,* 197 So.2d 480; *Chinn v. State,* 210 So.2d 666.

 We adopt the reasoning of the *Reynolds* case and recommend a rewording of the instruction in all future cases to conform with the views so ably expressed in *Reynolds.*

The instruction in the *Reynolds* case, without the offending qualifying language, which we believe will be a more acceptable instruction, reads:

"The law presumes every person charged with crime to be innocent. This presumption of innocence remains with the defendant throughout the trial and should be given effect by you unless and until, by the evidence

introduced before you, you are convinced the defendant is guilty beyond a reasonable doubt."

The judgment is reversed and the cause remanded for a new trial.