MR. JUSTICE GROVES
delivered the opinion of the Court.
Defendant, plaintiff in error here, was convicted of rape. His sole claim on this writ of error is that the jury instruction given relating to the presumption of innocence constituted reversible error. We affirm.
The instruction given was the one disapproved by this court in Martinez v. People, 172 Colo. 82, 470, P.2d 26 (1970). It reads as follows:
“The law presumes the defendant to be innocent, and this presumption continues until overthrown by evidence sufficient to exclude all reasonable doubt of his guilt. This rule of law which clothes every person accused of crime with a presumption of innocence, and imposes upon the People the burden of establishing his guilt beyond a reasonable doubt, is not intended to aid anyone who is in fact guilty of a crime, to escape, but is a humane provision of the law, intended, so far as human agencies can, to guard against the danger of an innocent person being unjustly punished.”
In Martinez it was held that the giving of the above instruction was not reversible error, but a reworded instruction, not containing the latter qualification quoted above, was recommended for prospective use. The opinion in Martinez was announced on June 8, 1970. The trial of the defendant here was in July 1969.
It is here argued that, because the presumption of innocence is such a primary and fundamental right of an accused, the qualifying language in this instruction violated the defendant’s right to “due process.”
The ultimate distillation as to whether the due process right of the defendant was violated is whether we believe that there was a denial of fundamental fairness. *204 Pinedo v. United States, 347 F.2d 142 (9th Cir. 1965), cert. denied, 382 U.S. 976, 86 S.Ct. 547, 15 L.Ed.2d 468 (1966). Due process was not mentioned specifically in Martinez. However, in holding that the giving of the instruction was not reversible error, at least retrospectively, we gave thought to whether fundamental rights of the defendant there were violated, and concluded that they were not. We adhere to that conclusion.
Judgment affirmed.
MR. JUSTICE HODGES not participating.