## No. 24870

**The People of the State of Colorado v. Michael E. Couch**
(500 P.2d 967)

Decided September 5, 1972.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Richard G. McManus, Jr., Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, C. Phillip Miller, Deputy, for defendant-appellant.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

The appellant in this action, Michael Couch, was convicted of forgery after making certain purchases with another person's credit card. From that conviction he brings this appeal. He will hereinafter be referred to by name or as appellant.

The following facts were elicited at Couch's trial. The co-owner of the Commerce Town Liquor Store in Adams County testified that appellant purchased liquor from the store with a Bankamericard bearing the name of Michael Atkins. The liquor store owner stated that appellant signed the sales draft with the name Michael Atkins. The owner of this Bankamericard and the complaining witness here, Michael Atkins, testified that he had never authorized Couch to use his Bankamericard.

During cross-examination of Atkins, defense counsel attempted to inquire as to whether the relationship between Atkins and Roger Johanssen, Couch's roommate, was a "natural" one. While the trial judge sustained an objection to this line of questioning, he did allow the following offer of proof in chambers:

"Mr. Quinn: . . . I would offer to show through Michael Atkins that he had a homosexual relationship with Roger Johanssen, and that because of this relationship, . . . the defendant made attempts to discourage Roger Johanssen from pursuing this relationship with Michael Atkins. That as a result of [the defendant] attempting to prevent the relationship with Michael Atkins, Michael Atkins, out of bias and prejudice, made a complaint to the police department with respect to these charges."

The court then reiterated its ruling sustaining the objection on the grounds that such testimony was purely an attempt to prejudice and discredit Atkins by showing that he had homosexual tendencies.

At a subsequent *in camera* hearing, Roger Johanssen testified as to the details of a homosexual act between himself and Atkins. He also testified that Couch had in fact advised him to stay away from Atkins, and that Atkins had later acknowledged that he was pressing charges against Couch to "get even" with Couch for telling Johanssen not to see Atkins. The court ruled that all this testimony would be admissible except that specifically relating to Atkins' homosexual activities. During subsequent direct examination in the presence of the jury Johanssen repeated the above testimony showing Atkins' bias without alluding to any homosexual relationship between him and Atkins.

After both sides rested, appellant moved to dismiss on the basis that he should have been prosecuted under C.R.S. 1963, 40-14-21, which specifically deals with the crime of fraudulent misuse of credit cards, rather than the more general forgery statute, C.R.S. 1963, 40-6-1. After this motion was denied by the court, appellant objected to the jury's instructions on the presumption of innocence, general intent, specific intent, reasonable doubt, and the definition of forgery.

Appellant raises four issues for our consideration in this appeal. He claims (1) that he should not have been charged with forgery when Colorado has a more specific statute dealing with the fraudulent use of credit cards; (2) that since no standards existed to guide the prosecutor in deciding whether to charge appellant under the forgery statute, a felony, or the credit card statute, a misdemeanor, appellant was denied due process and equal protection of the law; (3) that the trial court erred in refusing to allow questions of prosecution and defense witnesses about homosexual relations between the complainant, Michael Atkins, and Roger Johanssen; and (4) that the trial court improperly instructed the jury on the presumption of innocence, intent, reasonable

doubt, and the definition of forgery. We find no merit in any of these contentions and affirm.

### I.

■ The first two issues raised by appellant — whether one fraudulently using a credit card can be charged with forgery in spite of Colorado's more specific credit card statute, and, whether there need to be guides and standards to aid the prosecutor in choosing between filing charges under the forgery or credit card statute — were recently before this Court in *People v. James,* 178 Colo. 401, 497 P.2d 1256. In *James* we held that since the credit card and forgery statutes have as their subject matter two different kinds of criminal transactions, the existence of the specific credit card statute did not preclude prosecution under the state's general forgery statute. *See also, Hucal v. People,* 176 Colo. 529, 493 P.2d 23. We also held that in such a situation it was the proper discretional function of the prosecutor to elect to proceed under the felony rather than the misdemeanor statute. *Frink v. People,* 103 Colo. 172, 83 P.2d 774. *See also, People v. McKenzie,* 169 Colo. 521, 458 P.2d 232.

### II.

■ Appellant's next contention is that he was denied his constitutional right to confront and cross-examine witnesses when the trial judge ruled that he could not question the complainant, Michael Atkins, about Atkins' homosexual relationship with appellant's roommate, Roger Johanssen. Two possible purposes would be served by allowing appellant to cross-examine Atkins regarding his homosexual relationship with Johanssen. First, such testimony would have revealed that Atkins had personal feelings about the appellant, as well as a strong interest in the outcome of the lawsuit he initiated. If the only way in which this bias could have been demonstrated would have been by delving into Atkin's sexual relationship with Johanssen, it would ordinarily have been admissible. As appellant points out in his brief to this Court, Colorado law is quite clear in upholding the defendant's right to show the animus, *Trozzo v. People,* 51 Colo. 323, 117 P. 150, motive, *Curtis v. People,* 72 Colo. 350, 211

P. 381, prejudice, *Angelopoulos v. Wise,* 133 Colo. 133, 293 P.2d 294, and bias of the people's witnesses, *People v. King,* 179 Colo. 94, 498 P.2d 1142, as well as the witness' interest in the outcome of the trial. *Critchfield v. People,* 91 Colo. 127, 13 P.2d 270; *Tollifson v. People,* 49 Colo. 219, 112 P. 794.

Here, however, the jury did hear testimony which showed Atkins' animosity towards Couch but which did not make reference to Atkins' homosexual behavior. This occurred when Johanssen, on direct examination, stated that Atkins had told Johanssen that he was pressing charges against Couch because he was "sore" at Couch and was going to "pay him back" for telling Johanssen not to see Atkins anymore. Since this evidence demonstrating Atkins' bias and interest in the case was offered to the jury, and since it was introduced without referring to Atkins' homosexual contact with Johanssen, any testimony elicited during cross-examination regarding Atkins' sexual conduct would have accomplished only one conceivable purpose — the discrediting and impeachment of Atkins by impugning his moral character.

To guide us in our review of the trial court's ruling in the case before us, we note that the Colorado rule seems to be that in impeaching a witness, the inquiry ought to be directed to the witness' credibility rather than to his moral character. *Tarling v. People,* 69 Colo. 477, 194 P. 939. As no authority has been cited which suggests that homosexuality indicates a propensity to disregard the obligation of an oath, and as the witness' hostility toward the appellant here was amply revealed during direct examination of Johanssen, we must assume that the only effect which would have come about from permitting cross-examination of Atkins would be to discredit and impugn his moral character. This line of questioning, as we have previously shown, is not permitted. *Tarling v. People, supra.* Given the circumstances of the case before us, we conclude that no reversible error was committed by the evidentiary exclusion complained of here.

### III.

Appellant's final contention on appeal concerns several of the instructions which were given to the jury. He first

challenges Instruction Number 6, regarding the presumption of innocence. This same instruction was given in the case of *Martinez v. People*, 172 Colo. 82, 470 P.2d 26. Although *Martinez* disapproved of the instruction's language, it also specifically held that the giving of the instruction was *not* reversible error. Furthermore, while the instruction in this case was given to the jury on April 29, 1970, *Martinez*, which was not retroactive, was not decided until June 8, 1970.

■ Appellant also claims that Instruction Number 9, dealing with specific intent, is not detailed enough. Read in context with Instructions 1 and 8, which likewise make reference to specific intent, as well as Instruction 5, which requires the People to prove each element beyond a reasonable doubt, Instruction 9 adequately informs the jury of the law. *Mathis v. People*, 167 Colo. 504, 448 P.2d 633.

Appellant next criticizes the instructions on general intent and reasonable doubt. The general intent instruction, Instruction Number 3, has previously been approved in *Mora v. People*, 172 Colo. 261, 472 P.2d 142 and *Poe v. People*, 163 Colo. 20, 428 P.2d 77. The language of the reasonable doubt instruction, Instruction Number 7, has similarly been accepted in numerous past decisions of this Court. *Edwards v. People*, 151 Colo. 262, 377 P.2d 399; *Duran v. People*, 147 Colo. 491, 364 P.2d 206.

■ Finally, appellant objects to Instruction Number 8, which defines the crime of forgery, on the grounds that it fails to state that the forged instrument must have some "legal significance." To dismiss this argument we merely need to note that the subject of the forgery here, a credit card, not only has legal efficacy, but also specifically falls within the language of the forgery statute.

The judgment is affirmed.

MR. JUSTICE DAY not participating.