## No. 24914

## The People of the State of Colorado v. Gilbert Pacheco
(502 P.2d 70)

Decided October 24, 1972.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Aurel M. Kelly, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, T. Michael Dutton,Deputy, for defendant-appellant.

*En Banc*

MR. JUSTICE HODGES delivered the opinion of the Court.

Defendant Gilbert Pacheco was tried by a jury and found guilty of second-degree murder. On appeal, he urges reversal on the following grounds: (1) improper cross-examination of the defendant's expert witness which testimony referred to prior criminal offenses; (2) suggestive identification by the sole eyewitness; and (3) an improper instruction to the jury on presumption of innocence. We hold that none of these contentions are meritorious and we therefore affirm.

The evidence revealed that Mrs. Nellie Shanks and her daughter, Mildred Lee, rented rooms in their house to

tenants. Defendant and his wife had previously occupied one of the rental rooms for three months. On the day of the murder, defendant was discussing a check with the two women when an argument ensued. Mrs. Shanks, who had turned away, heard a gunshot. Turning around, she observed defendant shooting and beating her daughter. As Mrs. Shanks attempted to pull defendant away, he shot her twice and left the scene. The daughter died and the mother was hospitalized in serious condition. The defendant was apprehended later on the same day.

Since it was considered unlikely that Mrs. Shanks would survive, defendant was twice brought by police to the hospital for identification. The first time was without counsel, but the witness, Mrs. Shanks, had no memory of that confrontation. The second visit, which she did recall at trial, was in the presence of a member of the judiciary and two public defenders. Mrs. Shanks identified defendant both times, and again at the trial she pointed him out as the assailant.

As part of his defense, defendant placed his own psychiatrist on the stand. This doctor testified that in his opinion the defendant was a person unlikely to commit homicide. The district attorney, in an effort to discredit this testimony, made a number of references to defendant's past criminal behavior during his cross-examination of the doctor. The doctor's own notes, obtained while examining the defendant, were the source of the references. The defendant's motion for a mistrial on this basis was denied. The court refused defendant's tendered Instruction No. 1 and instead gave the jury a "stock" instruction on presumption of innocence, which instruction we dealt with in *Martinez v. People*, 172 Colo. 82, 470 P.2d 26 (1970).

I.

As his primary contention, defendant claims the court erred in failing to grant a mistrial following the prosecution's repeated referrals to defendant's unrelated offenses while cross-examining the psychiatrist. Normally, mentioning unrelated offenses would be subject to serious

objection, especially where defendant did not take the stand. In this case, however, the prosecution was testing the credibility of the psychiatrist's testimony that the defendant was a person not likely to commit homicide.

A similar situation occurred in *Skeels v. People,* 145 Colo. 281, 358 P.2d 605 (1961), wherein we stated:

"It is argued that the court erred in the course of the sanity trial in admitting in evidence the fact that defendant escaped from jail four months following the commission of the crime. This fact was first injected in the case by a psychiatrist who testified that it was his opinion that defendant did not have the mental capacity to refrain from doing wrong. He gave as one of the reasons for this conclusion the fact that defendant escaped from jail, the inference being that a person of sound mind would not attempt such an escape. Thus, by his own witness defendant opened the door to disclosure of the circumstances and details of the escape. Under such circumstances the jury was entitled to consider whether such conduct established a sound mind, or whether it reflected an inability to refrain from doing wrong. This assignment of error is without merit."

We reaffirmed this principle in *Bustamonte v. People,* 157 Colo. 146, 401 P.2d 597 (1965), where we said:

"The People had the right to attempt to rebut her alleged lack of capacity to form a specific intent . . . . And Bernal's testimony was not rendered improper because it happened to include evidence of another offense."

It is our view, therefore, that this contention by the defendant is without merit.

## II.

Defendant also argues that Mrs. Shanks' identification was tainted by its suggestibility.

Even assuming the circumstances at the hospital were suggestive, that by itself would not necessitate reversal. The concern of this court and the Supreme Court of the United States in this area has been to prevent extrajudicial identification so unduly suggestive that, as a matter of law, it results in a substantial likelihood of a mistaken in-court identification.

*Stovall v. Denno,* 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967); *Neighbors v. People,* 171 Colo. 349, 467 P.2d 804 (1970); *Phillips v. People,* 170 Colo. 520, 462 P.2d 594 (1969). Here, there could be little, if any, possibility of such legal taint. There was abundant evidence that defendant was a tenant in Mrs. Shanks' home for several months prior to the murder. In addition, the murder and subsequent assault resulted from a face-to-face confrontation between defendant and the two women. In short, Mrs. Shanks recognized defendant simply because she was well acquainted with him and not because of any improper suggestion or influence exerted on her at the time of the identification in her hospital room.

### III.

█ Finally, defendant assigns as error the instruction on presumption of innocence. In *Martinez v. People, supra,* we recommended a rewording of all such future instructions to exclude certain objectionable language. *Martinez,* however, was decided after the trial in this case. We therein specifically held that the decision was prospective in operation. We perceive no reason here to hold that the giving of this instruction is reversible error. *Constantine v. People,* 179 Colo. 202, 499 P.2d 309 (1972); *English v. People,* 178 Colo. 325, 497 P.2d 691 (1972). *See also People v. Barker,* 180 Colo. 28, 501 P.2d 1041.

Judgment affirmed.

MR. JUSTICE GROVES not participating.