The PEOPLE of the State of Colorado,
Plaintiff-Appellant,

v.

Michael Lee COLE, Defendant-Appellee.

No. 79SA562.

Supreme Court of Colorado,
En Banc.

Nov. 29, 1982.

R. Dale Tooley, Dist. Atty., Brooke Wunnicke, Chief Appellate Deputy Dist. Atty., Guy Till, Deputy Dist. Atty., Appellate Div., Keith D. Johnson, Deputy Dist. Atty., Denver, for plaintiff-appellant.

Gregory Walta, State Public Defender, John M. Richilano, Deputy State Public Defender, Denver, for defendant-appellee.

LEE, Justice.

The People appeal two evidentiary rulings which were made during the Denver District Court trial of Michael Lee Cole on charges of first degree assault, section 18–3–202, C.R.S. 1973 (1978 Repl.Vol. 8). After a jury trial on the charges, the defendant was found not guilty. Although the constitutional prohibition of double jeopardy precludes a retrial of the defendant under these circumstances, the People have exercised their statutory right to appeal a question of law. *See* section 16–12–102, C.R.S. 1973 (1978 Repl.Vol. 8). We disapprove the evidentiary rulings of the trial court.

The assault charge stemmed from a disturbance in the Curtis Park Housing Project in Denver. Police officers Lopez, Hendricks, Selander, and Kier were summoned to the scene, where the defendant and another man, Leon McCoy, were allegedly involved in an altercation. Officer Lopez approached the defendant, asked him to raise his hands, and was proceeding to perform a "pat down" search for weapons when the defendant allegedly pulled a machete from his clothing and made a slashing motion toward Officer Lopez. Lopez re-

ceived a cut on his right hand. The defendant was restrained and a further search of his person uncovered a five-inch hunting knife in addition to the machete. The defendant was charged with the assault on Officer Lopez.

At the trial the four officers who had responded to the scene of the disturbance testified for the People. On cross-examination of these officers, the defendant introduced evidence of two unrelated citizen complaints of the use of excessive force involving the same officers. Both incidents had been investigated by the Staff Inspection Bureau of the Denver Police Department (S.I.B.).[1] The trial court permitted the introduction of this evidence of the two unrelated incidents, ruling that it bore upon the credibility of the witnesses.

The first reported incident, which occurred approximately nine months prior to the present case, involved an arrest in a bar during a routine inspection. The officers were exonerated of the use of excessive force after an S.I.B. investigation, and the defendant in that incident pled guilty to assaulting a police officer.

The later incident occurred two days after the case at bar and also concerned the improper use of force against a suspect. Officer Lopez admitted to having used force in order to subdue the suspect, and as a result of the S.I.B. investigation he was charged with a violation of RR–306 of the police regulations. Two defense rebuttal witnesses were permitted over objection to testify regarding the conduct of the officers in these unrelated incidents.

The defendant testified in his own defense regarding the events of the alleged assault on Officer Lopez. In the course of his testimony the defendant, in response to a direct question by defense counsel, denied that he had used a knife in the fight with Leon McCoy, who was the complainant in the original disturbance. At the close of

---

1. On the basis of defendant's pre-trial discovery motion seeking disciplinary records of the four officers involved in the arrest, the trial court ordered an *in camera* inspection of Staff Inspection Bureau records. The court ordered certain of these records discoverable by the defense, ruling that they were potentially relevant to the guilt or innocence of the defendant, or mitigatory as to punishment in the event of a conviction.

the defendant's case, the People then sought to rebut this testimony with testimony from McCoy. The offer of proof indicated that McCoy would testify that the defendant had been the aggressor in their altercation, and as a result McCoy had been stabbed in the arm. The trial court excluded this testimony, ruling that it would be more prejudicial to the defendant than probative of the issues in the case.

The People have challenged both evidentiary rulings, arguing first that specific instances of conduct are not admissible in order to attack credibility, and second, that the court should have allowed the rebuttal testimony of McCoy, since it was in direct contradiction to the defendant's testimony regarding the events of that evening, and therefore would bear directly on the defendant's credibility as a witness.

## I.

■ We first address the appellant's contention that the trial court erred in admitting evidence of the complaints made against the officers in unrelated cases. It is well established in this jurisdiction that trial courts have broad discretion in controlling the mode and extent of the presentation of evidence, and that, absent a clear abuse of discretion, rulings thereon shall not be disturbed on review. *People v. Henry*, 195 Colo. 309, 578 P.2d 1041 (1978); *People v. Bynum*, 192 Colo. 60, 556 P.2d 469 (1976).

■ This court has consistently recognized the general limitation of admissibility of character evidence, holding that "while the character of a witness for truth and veracity may be shown, impeachment may not be accomplished by attacking the general character of the witness." *People v. Taylor*, 190 Colo. 210, 214, 545 P.2d 703, 706 (1976); *People v. Couch*, 179 Colo. 324, 500 P.2d 967 (1972). Moreover, although limited inquiry into specific instances of prior conduct is permissible on cross-examination of the witness if related to his character for truthfulness or untruthfulness, as a general rule specific instances of prior conduct may not be proven by extrinsic evidence to impeach the credibility of the witness. *People v. Taylor, supra.*[2]

■ Other transaction evidence which tends to show bias or prejudice of witnesses may be inquired into on cross-examination, and to a limited extent proven by extrinsic evidence. *People v. Taylor, supra; People v. Key*, 185 Colo. 72, 522 P.2d 719 (1974); *People v. Simmons*, 182 Colo. 350, 513 P.2d 193 (1973). Nevertheless, the trial court must "exercise its sound discretion to preclude inquiries that have no probative force, or are irrelevant ... or which would have little [bearing] on the witness' credibility, but would substantially impugn his character." *People v. Taylor*, 190 Colo. 210, 212–13, 545 P.2d 703, 705 (1976). *People v. Couch, supra.*

*People v. Taylor, supra*, like the present case, involved a prosecution for assault on a police officer. The complaining officer, on cross-examination, denied that he was racially prejudiced. This court held that the defendant was entitled to present extrinsic evidence to prove the racial bias of the

2. C.R.E. 608(a) and (b), adopted after the defendant's trial, now codify this rule of evidence and provide as follows:

"**Rule 608. Evidence of Character and Conduct of Witness.**

(a) **Opinion and reputation evidence of character.** The credibility of a witness may be attacked or supported by evidence in the form of opinion or reputation, but subject to these limitations: (1) the evidence may refer only to character for truthfulness or untruthfulness, and (2) evidence of truthful character is admissible only after the character of the witness for truthfulness has been attacked by opinion or reputation evidence or otherwise.

(b) **Specific instances of conduct.** Specific instances of the conduct of a witness, for the purpose of attacking or supporting his credibility, other than conviction of crime as provided in 13–90–101, C.R.S. 1973, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning his character for truthfulness or untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified."

complaining officer for the purpose of impeachment, but held that the trial court erred in permitting broad inquiry into the details of the prior arrests made by the police officer. In commenting on the admission of testimony relating the details of other arrests, the court in *Taylor* said:

"Such questions were aimed not merely at impeaching the credibility of the officer, but at maligning his character and official conduct generally. To routinely allow this sort of questioning could greatly delay the trial and in effect make the officer the defendant in a series of minitrials dealing with the manner in which he arrested countless other persons at other times." 190 Colo. 210, 214, 545 P.2d 703, 706.

■ In the instant case, the evidence of the first incident involving the officers' routine inspection of a barroom, which occurred more than nine months prior to the arrest of the defendant and resulted in a guilty plea by the complaining witness, is totally irrelevant to the issues under consideration. Such evidence has little or no bearing on credibility of the officer as a witness, and serves only to improperly attack the general character of the officer.

■ With regard to the second incident, Officer Lopez admitted the use of force, and that fact was further confirmed by the commander of the S.I.B. when he testified regarding the official investigation. Under the circumstances, in view of the officer's admission, detailed questioning of the witness regarding the facts of the incident was an abuse of discretion. It was also an abuse of discretion to permit the two other witnesses to testify in rebuttal regarding the conduct of the officers in the unrelated

incidents since such evidence could not be properly used to impeach the credibility of the officers. Such evidence opens the door to improper considerations and lends to the confusion of the jury by placing undue emphasis on collateral matters.[3]

■ The defendant would have us recognize an absolute right on the part of the defendant to impeach prosecution witnesses on cross-examination and rebuttal. The defendant relies upon the sixth amendment right of confrontation as applied in *Davis v. Alaska*, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974), and *Chambers v. Mississippi*, 410 U.S. 284, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973). In *Davis*, the United States Supreme Court held that the accused's sixth amendment right of confrontation prevailed over a state policy of concealing the witness' prior juvenile delinquency adjudications which could be linked to the witness' possible bias, prejudice, or ulterior motive for testifying. However, an accused's right to confront and to cross-examine witnesses is not absolute and may be limited "to accommodate other legitimate interests in the criminal trial process," but the competing interests are to be carefully scrutinized. *Chambers v. Mississippi, supra*, 410 U.S. at 295, 93 S.Ct. at 1046.

In *People v. Taylor, supra*, this court cited *Davis* for the proposition that cross-examination should be liberally extended to permit a thorough inquiry into the motives of witnesses, but recognized that cross-examination related to credibility could be limited consistent with an accused's right of confrontation.[4]

We therefore hold that it was not proper to admit cross-examination and rebuttal

---

**3.** Such a practice, if carried to its logical extreme, would allow the prosecution to introduce its own witnesses to impeach the testimony of rebuttal witnesses. This delay and possible confusion of the issues presented to the jury were precisely the harm we sought to avoid in *People v. Taylor, supra*.

**4.** In subsequent cases, the principle elaborated in *Taylor* has been consistently applied to balance the right of the defendant to confront his accuser with the discretion of the trial court to determine the scope of cross-examination and

rebuttal testimony in order to prevent prejudice and to promote judicial efficiency. *See People v. Edwards*, 198 Colo. 52, 598 P.2d 126 (1979) (no apparent probative value in issues regarding witness' financial status which were excluded by the trial court); and *People v. Hinchman*, 196 Colo. 526, 589 P.2d 917 (1978) (trial court properly balanced competing interests by permitting cross-examination as to previous plea bargaining, but not about the witness' role in prior felony murder).

testimony regarding the unrelated arrests and citizen complaints of the use of excessive force. The trial court erred in permitting broad inquiry into the details of those events, since taken as a whole the testimony may have directed the jury's attention away from the case under consideration and permitted a direct attack upon the general character of the witness. This was expressly disapproved in *Taylor, supra.* The evidentiary rulings of the trial court permitting detailed examination into the collateral arrests are therefore disapproved.

## II.

The People also assert that the trial court erred in excluding the rebuttal testimony of Leon McCoy, which if admitted would have contradicted the defendant's testimony that he did not use a knife in his fight with McCoy. The court denied the admission of this evidence ruling that its admission would be more prejudicial than probative. In our view the court misapplied this principle.

■ "[T]he admission of rebuttal testimony is largely discretionary with the trial court." *People v. Miller,* 37 Colo.App. 294, 297, 549 P.2d 1092, 1096 (1976), *aff'd* 193 Colo. 415, 566 P.2d 1059; *Wertz v. People,* 160 Colo. 260, 418 P.2d 169 (1966). In this case, however, the People sought to admit evidence that would directly contradict the testimony of the defendant regarding the charged assault. Had the prosecution offered McCoy's testimony as direct evidence, it would have been proper for the trial court to review it for relevance and materiality and to weigh its probativeness against the risk of unfair prejudice to the defendant. C.R.E. 403; *see People v. Honey,* 198 Colo. 64, 596 P.2d 751 (1979). However, the defendant had previously taken the stand in his own defense and had himself raised the issue by introducing evidence regarding the events preceding his encounter with the police officers. He had denied that he had used a knife against Leon McCoy. With this statement, he opened the door to the issue of the prior fight, and the prosecution was entitled to rebut his testimony with the

testimony of McCoy. *People v. Zallar,* 191 Colo. 492, 553 P.2d 756 (1976). Therefore, the prosecution was entitled to introduce competent evidence to explain, refute, or disprove the statement, since the defendant's credibility was in issue. *Moore v. People,* 171 Colo. 338, 467 P.2d 50 (1970); *People v. Miller, supra.* The defendant subjected himself to the risk of potentially prejudicial rebuttal, and the trial court erred in excluding McCoy's testimony.

The exclusion of this testimony was particularly unfortunate in light of the extensive impeachment by cross-examination and extrinsic proof permitted the defense on collateral matters. While the admission of rebuttal testimony is in large part a discretionary function of the trial court, we hold that the exclusion of this testimony constituted an abuse of discretion.

Rulings disapproved.

DUBOFSKY, J., dissents to Part II.

ERICKSON, J., joins in the dissenting opinion of DUBOFSKY, J.

QUINN, J., specially concurs in Part I and joins in the dissenting opinion of DUBOFKSY, J.

DUBOFSKY, Justice, dissenting:

I respectfully dissent from Part II of the majority opinion. The People appealed as a question of law the district court's exclusion of rebuttal testimony tendered by the victim McCoy. The exclusion was based on the court's conclusion that admission of McCoy's testimony would be more prejudicial than probative. The majority acknowledges that the admission of rebuttal testimony is discretionary with the trial court, but rules here that the exclusion of the testimony by the district court was an abuse of discretion.

When a defendant is acquitted, section 16-12-102, C.R.S. 1973 (1978 Repl.Vol. 8) restricts the People's appeal of the acquittal to questions of law. Whether the district court erred in excluding rebuttal testimony is not a question of law; instead, it is an evidentiary question—the determination

that the defendant first raised the issue to which the rebuttal testimony was directed—to be resolved only on the particular facts of the case. Our addressing the issue does not provide future guidance on a question of law.

This is an example of an issue appealed which needlessly taxes the appellate system's already strained resources. *See People v. Root,* 650 P.2d 562, 564 (Colo.1982) (Dubofsky, J., dissenting). I would dismiss the People's question addressed in Part II.

ERICKSON and QUINN, JJ., join me in this dissent.

QUINN, Justice, specially concurring in part and dissenting in part:

I agree with the majority's resolution of the issue presented in Part I of the opinion under the circumstances of this case. I might not concur, however, if the evidence of separate instances of alleged misconduct had been offered and admitted for a purpose other than general impeachment of credibility.[1] Under proper circumstances and upon the establishment of a proper foundation, this evidence might properly be admissible to support a claim of self-defense, *People v. Lyle,* Colo., 613 P.2d 896 (1980); *People v. Ferrell,* Colo., 613 P.2d 324 (1980); *see* C.R.E. 404(a)(2) and 405(b); a claim that the witness harbored a bias against the defendant, *People v. Taylor,* 190 Colo. 210, 545 P.2d 703 (1976); or to rebut the prosecution's proof of an essential element, such as the statutory requirement of section 18–3–202(1)(e), C.R.S. 1973 (1978 Repl.Vol. 8), that the officer be engaged in the performance of his duties when assaulted, *see* C.R.E. 404(b).

I disagree with Part II of the majority's opinion for the reasons stated in the dissenting opinion of Justice Dubofsky.

---

1. In this case defense counsel asserted that the evidence was admissible not only because it questioned the officer's propensity for telling the truth, but also because it tended to show who was the "initial aggressor." Absent a claim of self-defense, however, I fail to see the relevancy of the issue of initial aggression.