## No. 24774

## The People of the State of Colorado v. Larry Lynn King
(498 P.2d 1142)

Decided June 26, 1972.                    Rehearing denied July 17, 1972.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, David A. Sorenson, Assistant, for plaintiff-appellee.

Lutz and Gilbert, James L. Gilbert, for defendant-appellant.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

Larry Lynn King, defendant-appellant, was convicted by a jury in the district court of Alamosa County of possession of

narcotic drugs and sale of narcotic drugs in violation of C.R.S. 1963, 48-5-2. We reverse the judgment of conviction.

The evidence supporting the conviction consisted primarily of the testimony of a paid informant who was brought into Colorado from New Mexico by the chief of police of the city of Alamosa for the purpose of obtaining information concerning drug traffic in and about the city. The informant, Douglas Vandenberg, had been used by the police department of Albuquerque, New Mexico, as an informant in similar cases and had been recommended for this purpose to the police department of Alamosa. The arrangement was that Vandenberg would be paid his board and room and other expenses, together with a fee of ten dollars for each "buy." The record shows that Vandenberg had succeeded in buying narcotic drugs on seven different occasions, one of which allegedly involved defendant King.

The evidence showed that on April 11, 1969, at about 7:45 p.m., Vandenberg approached the defendant in an Alamosa bar where they talked about the "hash that was going around." Vandenberg asked defendant if he had any and the defendant indicated that he did. Vandenberg then asked defendant to sell him a gram of hashish and the defendant agreed to do so, stating that he had it with him. They went into the rest room and defendant gave Vandenberg the hashish in exchange for ten dollars. They then parted company and Vandenberg went to his apartment where he prepared a "buy report." He contacted the police and arranged to turn over the narcotic material and the buy report to the chief of police. It was established by expert testimony that the material purchased was in fact hashish, a derivative of cannabis sativa L.

Thereupon, the charges were filed against defendant on May 9, 1969, to which he entered his plea of not guilty.

Defendant did not testify at the trial. His evidence consisted only of the testimony of three witnesses who sought to impeach the informant, Vandenberg, concerning his use of drugs.

■■■ The defendant asserts six grounds of error for

reversal. The record establishes that prejudicial error occurred when the trial court refused to permit defendant to cross-examine the informant concerning pending charges against him in the state of New Mexico, offered to show the informant's bias and interest in the outcome of the case, thus impeaching the credibility of the principal witness.

On cross-examination of Vandenberg, objection was made to inquiry concerning the pendency of narcotics offenses in Albuquerque, New Mexico. At an *in camera* hearing, defendant offered to prove that Vandenberg had been charged with possession and sale of narcotics on January 15, 1968, and with the possession and sale of LSD on March 28, 1968. Further, counsel offered to show that Vandenberg had been charged with forgery, in two indictments, on January 22, 1969, and May 15, 1969. It was represented that all of the foregoing charges were still pending against Vandenberg and that they were being held over his head to insure his cooperation with the police department in Alamosa for the informant purposes. Counsel stated that his purpose was to prove that the witness had charges pending against him, and that the witness was afraid not to cooperate with the police. Implicit in this offer of proof was the suggestion that Vandenberg would find favor with the Albuquerque authorities and expect to gain benefits concerning the charges pending against him from his testimony against defendant. It was pointed out to the court that this information had come directly from the Alamosa chief of police and was within the knowledge of the district attorney's office.

The court denied the offer of proof on the basis of the general rule set forth in *Tollifson v. People,* 49 Colo. 219, 112 P. 794, that evidence of arrests and of pending charges against a witness before conviction are not admissible as bearing upon the witness' credibility. The general rule is embodied in C.R.S. 1963, 154-1-1, and allows the showing only of felony convictions for the purpose of affecting the credibility of a witness. Significantly, this statute also contains the qualifying language, "* * *although in every case the credibility of the witness may be drawn in question,

as now provided by law,* * * " This rule was never intended to prohibit testimony tending to show motive, bias, prejudice or interest of a witness in the outcome of the trial. In *Tollifson, supra,* the Court stated:

"Great latitude is allowable and should always be given in the cross-examination of a witness in his connection with the subject-matter being tried, and about which he is called to testify, as whether it is of a nature to awaken in him a lively and possible interest in the outcome of the trial; and, as a general rule, the party against whom the witness is produced has a right to show everything which may affect his credibility. This should include any evidence tending to show the witness is interested in procuring a conviction and as placing him in his real attitude towards the prisoner before the jury by which they could better judge his testimony, and it is proper to bring this out on cross-examination.* * *"

The Court pointed out that the limits of cross-examination of a witness concerning credibility generally is a matter resting largely within the sound discretion of the trial judge, in view of all the circumstances of the particular case. We reaffirm the general rule denying the competency of evidence of mere arrests or pending charges against a witness, without more, for the reason that want of credibility may not logically be inferred from naked accusations of which the law presumes a person innocent until convicted.

On the other hand, a trial court should allow broad cross-examination of a prosecution witness with respect to the witness' motive for testifying, especially where such witness is charged with or threatened with criminal prosecution for other alleged offenses not connected with the case in which he testifies, and where his testimony against the defendant might be influenced by a promise of, or hope or expectation of, immunity or leniency with respect to the pending charges against him, as a consideration for testifying against the defendant. *Mitchell v. People,* 170 Colo. 117, 459 P.2d 284; *Kidd v. People,* 97 Colo. 480, 51 P.2d 1020; *Critchfield v. People,* 91 Colo. 127, 13 P.2d 270. *See also,* 62 A.L.R.2d 624, and cases collated therein. Where, as here,

evidence is offered to show the motive of a paid informant witness and that he is interested in the outcome of the case by reason of pending criminal charges against him, the prosecution of which may or may not be pursued by reason of the testimony he has given on behalf of the People, such evidence is competent and it was prejudicial error to deny its admissibility. In foreclosing the defendant from presenting such evidence, defendant's right of confrontation under Article VI of the United States Constitution and Section 16 of Article II of the Constitution of Colorado was substantially eroded in this particular case. *See, Pointer v. Texas,* 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923; *Douglas v. Alabama,* 380 U.S. 415, 85 S.Ct. 1074, 13 L.Ed.2d 934.

■ Next, we observe that the trial court erred in not granting defendant's motion for continuance at the commencement of the trial. The record shows that defendant's defense of alibi was predicated on the alleged unlawful conduct having occurred on the 12th of April, 1969. The district attorney did not advise that the correct date was in fact the 11th of April until the trial had commenced and he was in the process of delivering his opening statement. The record does not show that the district attorney ever moved the court to amend the information to show the correct date, April 11. Counsel immediately moved for the continuance, based upon surprise and his inability to prepare a defense on such short notice. The time of the alleged offense was indeed material to the defendant's preparation of his case. The mistake was that of the district attorney and not that of the defendant. The court viewed the matter as being the defendant's fault for not having discovered the correct date prior to trial by means of discovery motions. Further, the court instructed the jury that the date of the alleged offense was immaterial and that the jury could find the defendant guilty of the crimes charged in the information if it appeared from the evidence beyond a reasonable doubt that the defendant committed the crimes within three years next preceding the filing of the information. Under the circumstances, time was material. Proper procedure would require

the district attorney to amend the information and the court thereupon to grant the defendant a continuance so that he might adequately prepare his defense in view of this new circumstance.

We find it unnecessary to discuss the other alleged errors in detail. We find no merit to defendant's assertion that the court erred in failing to instruct the jury on his alleged defense of entrapment. There was no evidence to justify the giving of an entrapment instruction. Also, we find no error in the defendant's challenge to the instruction based upon the use of the word "hashish" rather than "cannabis sativa L." We judicially notice that hashish is a derivative of cannabis sativa L., commonly called marijuana. This matter was considered in *Ziatz v. People,* 171 Colo. 58, 465 P.2d 406; *Martinez v. People,* 160 Colo. 333, 417 P.2d 485; and *Jordan v. United States,* 345 F.2d 302 (10th Cir. 1965).

We find the other alleged errors to be without merit.

The judgment is reversed and the cause remanded with directions that defendant be granted a new trial.