## No. 25420

### The People of the State of Colorado v. George N. Simmons
(513 P.2d 193)

Decided August 20, 1973.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Sara Duncan, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, Dorian E. Welch, Deputy, for defendant-appellant.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

Defendant, George N. Simmons, appeals from his conviction of two counts of vehicular homicide. He will be referred to as defendant.

On April 23, 1971, Denver and Aurora police cooperated in a "stake out" of a stolen car which had been found at a parking lot of an Aurora bowling alley. At approximately 7:45 p.m., defendant and a passenger drove a 1969 Plymouth into the parking lot. Defendant circled the lot twice and came to a stop next to the stolen car. The lights of the Plymouth were turned off, and the passenger got out and approached the stolen car.

Although the sequence of events is somewhat unclear from

the record, apparently two plainclothes policemen jumped out of their unmarked van holding shotguns. One of the officers yelled, "police officers; stop!" The passenger told defendant to "make it." And as defendant sped out of the parking lot, two shotgun blasts were fired at the fleeing car.

Two other plainclothes police officers in an unmarked car immediately pursued the Plymouth west on Montview Boulevard. Testimony indicates that the Plymouth darted in and out of traffic narrowly missing two cars. Its speed increased to an estimated 80 or 90 miles per hour. One block east of Syracuse, the Plymouth stopped accelerating, and its brake lights came on for a moment. It then accelerated again going to the wrong side of the road to avoid cars which were stopped for a red traffic light at the intersection of Montview and Syracuse. As defendant entered the intersection on the wrong side of the street, he apparently applied his brake only moments before he smashed broadside into a station wagon traveling south on Syracuse. Two people in the station wagon were killed. Defendant was found slumped across the seat with a holster on his belt and a loaded revolver under his hand on the floor.

Defendant was tried by a jury, which returned a verdict of guilty on both counts of vehicular homicide. Defendant's motion for new trial was denied by the trial court.

On appeal, defendant contends that the trial court erred (1) in submitting an erroneous instruction to the jury on the presumption of innocence, (2) in refusing to allow defense counsel to cross-examine a police officer concerning his knowledge of a potential civil suit against the City and County of Denver arising out of the accident, and (3) in refusing to allow the testimony of an attorney to the effect that he had served notice on the City that such a suit might be filed. We do not find merit in defendant's contentions and therefore affirm the judgment of the trial court.

## I.

Defendant's first contention is that the trial court committed reversible error in submitting to the jury an erroneous instruction on the presumption of innocence.

Although this Court disapproved an identical instruction in *Martinez v. People,* 172 Colo. 82, 470 P.2d 26, we pointed out in *People v. Barker,* 180 Colo. 28, 501 P.2d 1041, we would ordinarily reverse on this ground only if the defendant objected to the instruction in accordance with Crim. P. 30. In the instant case, as in *Barker* where we also refused to reverse, no objection was made, and the error was not specified in the motion for new trial.

## II.

Defendant's second contention relates to the cross-examination of Officer Berry, a traffic investigator for the Denver Police Department. He arrived at the accident scene shortly after it happened to conduct the accident investigation. On direct examination he was allowed to testify to his observation of the physical evidence on the accident scene; however, he gave no opinion as to the cause of the accident. He testified that he prepared a diagram indicating the distance the vehicles travelled from point of impact, that the cars left heavy skid marks on the pavement, that the traffic signal was functioning properly, and that a speed limit of 35 miles per hour was posted on Montview Boulevard east of the Syracuse intersection.

He also testified that when he interrogated the defendant at the hospital, the defendant told him that he was heading toward Denver on Montview and he last remembered headlights coming at him, but he could not remember where they were coming from. On cross-examination, defense counsel asked, "Officer Berry, do you have personal knowledge of the fact — have you been placed upon notice that a lawsuit may be filed against —"

At this point, the prosecutor objected and asked for an offer of proof. Defense counsel told the court that he hoped to show that the witness was biased because of his knowledge of a possible lawsuit against his employer. Counsel tendered to the court a copy of a letter to the City and County of Denver advising the City that accident victims and their heirs were planning to sue the City on theory that its police officers were negligent in planning and carrying out the

apprehension of the defendant Simmons. In response to the trial court's inquiry concerning the nature of Berry's financial interest, defense counsel replied, "He may be sued." The trial court sustained the objection and instructed the jury to disregard the question.

Although we agree that the trial court properly sustained the objection, we do not reach the question of whether the witness had a sufficient financial interest in the possible civil litigation to allow the defense counsel to pursue this line of questioning.

■ While adhering to the general rule that a defendant should be allowed wide latitude to cross-examine a prosecution witness for the purpose of showing bias or undue interest, *People v. King,* 179 Colo. 94, 498 P.2d 1142, the trial court has some discretion in limiting such cross-examination where it is without probative force.

■ Defendant's counsel stated that in asking the question concerning a probable lawsuit his purpose was to attack the credibility of the police officer who investigated the crash. It must be pointed out here that it was not suggested that this police officer was involved in the police conduct which might be the basis for the pending lawsuit against the City. There was no offer of proof made that the police officer whose credibility defendant's counsel sought to attack had knowledge of any impending suit against the City. In the absence of such actual knowledge on the part of the police officer, under the circumstances, the question was clearly irrelevant to the issue of bias or prejudice on the part of the witness. Bias is a state of mind and only those demands which can influence the mind at the moment of testifying are relevant to a demonstration of bias. *Austin v. United States,* 418 F.2d 456 (D.C. Cir. 1969). The trial court properly excluded the question. *Johnson v. People,* 171 Colo. 505, 468 P.2d 745.

### III.

■ Defendant's third contention is that the trial court erred in refusing to allow an attorney to testify on behalf of the defense. Before the attorney took the stand, the

prosecutor asked for an offer of proof of the relevance of his testimony. Defense counsel stated that the attorney would testify that he had served notice on the City and County of Denver that he was pursuing a suit against it arising out of the accident, and that he was investigating the possibility of suing certain police officers in the Denver Police Department for damages caused by their misconduct in the apprehension of the defendant. Defense counsel argued that this testimony would show that the Denver policemen who testified at the trial had knowledge of the possible lawsuit, and that it was admissible for impeachment purposes. The prosecutor again argued that since the attorney's testimony would not show any officer's actual knowledge of possible future legal action against them or their employer, the attorney should not be allowed to testify. The trial court sustained the objection and refused to allow the attorney to take the stand.

Again, no offer of proof was made as to the actual knowledge of the pending lawsuit on the part of the officers whose testimony was sought to be impeached. As pointed out previously, such actual knowledge is necessary in order to show bias or prejudice for impeachment purposes. *Johnson v. People, supra; Austin v. People, supra.*

The judgment is affirmed.

MR. JUSTICE GROVES does not participate.