No. 25747

The People of the State of Colorado v. Gregory James Gable and Susan Elaine Gable

(520 P.2d 124)

Decided March 18, 1974.          Rehearing denied April 8, 1974.

314

John P. Moore, Attorney General, John E. Bush, Deputy, Tennyson W. Grebenar, Assistant, for plaintiff-appellee.

Robert Bruce Miller, Roger E. Stevens, for defendants-appellants.

*In Department.*

Opinion by MR. JUSTICE GROVES.

The defendants were convicted of possessing for sale hashish, a narcotic drug. We affirm.

The defendants occupied one unit of a duplex. The citizen-informer in this case, a Mr. Bryan, and his family lived in the other unit. Mr. Bryan reported to the police that an unusually large number of people visited the defendants, many of whom had out-of-state license plates on their cars. One of the police officers incorporated this information in an affidavit for a search warrant. The affidavit also provided:

"[Mr. Bryan] informed your affiant that on the evening of July 25, 1971, he overheard a conversation occurring at and within the premises known as #33 Birch Court, Longmont, Colorado said address being a duplex unit directly adjoining Mr. Bryan's residence and having a common wall. Mr. Bryan specifically indicated that the occupants of said unit, #33 Birch Court, Longmont, Colorado, were discussing the otaining of large quantities of marihuana described as 'Grass' and more particular anticipation of value of same being in the area of $20,000."

A search warrant was issued and when executed there was seized a large quantity of marijuana, 190.5 grams of hashish worth approximately $1900 and some LSD.

At a suppression hearing, the police officer testified that

Mr. Bryan told him that he had overheard the conversation. Mr. Bryan testified that he did not personally overhear the conversation but rather reported to the officer conversations which other members of his family had overheard. Mr. Bryan's testimony as to the surrounding circumstances which he had related to the officer was not consistent. He first stated that he did not remember telling the officer that he had not personally overheard the conversation. He then testified that he told the officer that he personally did not hear the conversation. A little later he stated that he could not deny the accuracy of the police officer's testimony.

### I.

■■■ The defendants argue that the seized evidence should have been suppressed on the ground that the portion of the affidavit which stated that Mr. Bryan had overheard the conversation was inaccurate. The defendants cite *People v. MacDonald,* 173 Colo. 470, 480 P.2d 555 (1971). In *MacDonald* the court discussed the veracity of an affiant. Here, with sufficient supporting evidence, the trial court found that the police officer sincerely believed that the statements in the affidavit were true. There is no contention here that the conversation was not overheard.

### II.

■ The information had endorsed as a witness "Joseph Moomaw, or Agent, 1525 Sherman Street, Denver, Colorado." Counsel for the defendants knew that Mr. Moomaw would testify that he had analyzed the seized substances for the Colorado Bureau of Investigation and that he found them to be contraband. On the morning of trial, the district attorney moved to endorse a Mr. Brown, who was also an agent of CBI, to give this testimony. The court overruled the defendants' objections, and this ruling is asserted as reversible error here. We disagree. This was a matter within the discretion of the court, and there was no abuse of that discretion. *People v. Buckner,* 180 Colo. 65, 504 P.2d 669 (1972).

### III.

■ The court admitted the marijuana and LSD in

evidence in addition to the hashish. The defendants asked for a limiting instruction. The court refused as to the marijuana on the basis that hashish and marijuana are the same substance. The court's ruling is supported by *People v. King,* 179 Colo. 94, 498 P.2d 1142 (1972).

As to the hashish, at the time it was admitted into evidence the court made the following statement:

"With reference to Exhibit Four, I want to make a special statement to the jury. The testimony is that that box contained spots of LSD. The defendants are not charged with that *offense,* and so I am going to admit the item in evidence, but it is only a collateral matter, and the jury should distinctly understand that the defendants are not charged with anything relating to LSD and the identification given for that item goes beyond the scope of the charge against the defendants." (Emphasis added.)

Before the case was submitted to the jury, it was given the following instruction:

"The Court instructs the jury that the contraband substance with which the defendants are charged is hashish. During the course of the trial, evidence has been introduced relating to other contraband substances. The introduction of these additional substances may be considered only in terms of how they relate to the circumstances surrounding the principal charge indicating any knowledge, scheme, plan or common design which may be inferred therefrom."

■ The defendants contend that the use of the word "offense" in the court's statement instead of the word "transaction" was reversible error, citing *Stull v. People,* 140 Colo. 278, 344 P.2d 455 (1959). While the defendants would distinguish *Howe v. People,* 178 Colo. 248, 496 P.2d 1040 (1972), we regard it as being on "all fours" as to this point and, following it, rule that this was not reversible error in light of the written cautionary instruction.

IV.

■ The defendants argue that the court erred in denying their motion for judgment of acquittal. The motion was predicated upon the contention that the evidence was

insufficient to satisfy the statutory requirements of possession for sale and an intent to induce or aid another to unlawfully use or possess the drug. C.R.S. 1963, 48-5-20 (1)(a)(b). We conclude that there was sufficient circumstantial evidence to support the requirements. Some of this evidence was as follows: (1) 190.5 grams of hashish were seized, and a doctor testified that an average hashish user would probably use 1 gram of hashish a day. (2) While the defendants were not charged with respect to marijuana, the very large amount of it which was seized bears on the scheme, plan and design. (3) At the time of the search there were two scales in the premises, one of which had on it "green plant-like material." (4) The unusually heavy traffic in and out of the defendants' residence suggests selling. (5) At the time the search warrant was executed there were five people in the living room "in a position around a small, low table on the living room floor," and there was a strong odor of burning marijuana in the living room.

## V.

We find no merit in the other assignments of error.

Judgment affirmed.

MR. JUSTICE DAY, MR. JUSTICE HODGES and MR. JUSTICE ERICKSON concur.