The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Luther Eric LEONARD, Defendant-Appellant.

No. 78–999.

Colorado Court of Appeals, Div. I.

Dec. 20, 1979.

Rehearing Denied Jan. 17, 1980.

Certiorari Denied April 7, 1980.

 

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., Maureen Phelan, Asst. Atty. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, Colorado State Public Defender, Lawrence J. Schulman, Sp. Deputy State Public Defender, Denver, for defendant-appellant.

KELLY, Judge.

Luther Eric Leonard appeals his conviction of second degree burglary and theft of over $200. He contends that the trial court erred in limiting his cross-examination of a witness regarding the witness' juvenile record, in refusing his theory of the case instruction, and in declining to rule that the evidence of value was insufficient to support a finding of theft of more than $200. We reverse.

Ronnie Hanna testified for the People about the defendant's activities around the time of the crime. At the time of his testimony, Hanna was charged with the equivalent of misdemeanor child abuse in the Juvenile Division of the District Court. The trial court refused to allow Leonard to elicit this information on cross-examination because the offense would have been a misdemeanor if committed by an adult, and also because it was a juvenile offense for which the court ruled that Hanna had already been sentenced. Leonard contends that the exclusion of this cross-examination was an impermissible infringement upon his Sixth Amendment right to confront the witness against him. We agree.

Where evidence is offered to show interest in the outcome of the case by reason of pending criminal charges against a witness, it is prejudicial error to deny its admission. *People v. King*, 179 Colo. 94, 498 P.2d 1142 (1972). The fact that a witness was a juvenile at the time of the offense does not change this rule. The right of confrontation is paramount to a state's interest in protecting a juvenile offender from disclosure of his record. *Davis v. Alaska*, 415 U.S. 308, 319, 94 S.Ct. 1105, 1112, 39 L.Ed.2d 347, 355 (1974). Further-

more, the fact that the pending charge was a misdemeanor rather than a felony is of no consequence, since it was offered not to show the conviction itself pursuant to § 13–90–101, C.R.S.1973, but rather to show bias or motive, or interest in the outcome of the case arising from an expectation of leniency in disposition on the juvenile charges pending against him. *People v. King, supra.* While the trial court found that Hanna had already been sentenced by the juvenile court, the only evidence in the record shows that Hanna was scheduled to appear before a referee for disposition two weeks after he testified. Accordingly, the record does not support the finding of the trial court.

The People argue, however, the *People v. Hinchman*, 196 Colo. 526, 589 P.2d 917 (1978), *cert. denied sub nom., Hinchman v. Colorado*, 442 U.S. 941, 99 S.Ct. 2883, 61 L.Ed.2d 311 (1979), mandates a contrary result. We disagree.

In *Hinchman*, the court held that the trial court did not deny Hinchman his right of confrontation by precluding cross-examination of a prosecution witness about a previous juvenile proceeding. It distinguished *Davis v. Alaska, supra*, because the witness' juvenile offense was unrelated to the charge against Hinchman, and because cross-examination had been permitted about favorable treatment received by the witness in exchange for his prosecution testimony in the earlier proceeding. The permitted cross-examination thus enabled the jury to consider the witness' credibility in light of his history of bargaining for leniency in return for testimony, thereby revealing his motive for testifying against Hinchman. Consequently, that cross-examination operated to disclose any hidden motive the witness might have had.

Here, however, defense counsel was not permitted to elicit any testimony regarding Hanna's possible interest in the outcome of the trial arising from the fact that there had not yet been a disposition of the juvenile charges. As in *Davis*, the claim of bias which the defense sought to develop was based upon the inference of undue pressure on Hanna resulting from an expectation of obtaining leniency in disposition of the juvenile charges against him. Unlike *Hinchman*, the witness' credibility was not tested, and his motive for testifying was in issue. Consequently, the evidence of the status of the pending juvenile charges was essential to show the witness' interest in the outcome of the case, and it was prejudicial error to deny its admission. *See People v. King, supra.*

We also agree with the defendant's argument that the evidence of value was insufficient to show that the property stolen exceeded $200. The information charged the theft of stereo speakers. However, the victim testified to purchase prices of $365 for a unit including an amplifier with two small speakers attached and $140 for two larger speakers. The case went to the jury based on the theft of speakers only.

There must be some basis for determination of the value of goods stolen, other than pure speculation, where that value establishes the grade of the offense. *Henson v. People*, 166 Colo. 428, 444 P.2d 275 (1968). Here, while the evidence of the value of the larger speakers was sufficient, no evidence was presented regarding the value of the smaller speakers in the unit, independent of the amplifier. The value of the smaller speakers at the time of commission of the crime could only be based on speculation; consequently, the trial court should have removed that portion of the case from the jury's consideration. *People v. Paris*, 182 Colo. 148, 511 P.2d 893 (1973).

We have considered Leonard's contention that he was entitled to have his theory of the case instruction submitted to the jury and conclude that his theory of the case was encompassed in the court's other instruction. *See People v. Mackey*, 185 Colo. 24, 521 P.2d 910 (1974).

The judgment is reversed and the cause is remanded for a new trial because of the error in limiting the cross-examination of Hanna. In the retrial, the theft charge should be reduced to a class 2 misdemeanor.

*See People v. Patterson*, 187 Colo. 431, 532 P.2d 342 (1975).

COYTE and SILVERSTEIN, JJ., concur.