The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Bruce Wilson JONES, Jr., Defendant-Appellant.

No. 80CA0058.

Colorado Court of Appeals, Div. III.

May 21, 1981.

Rehearing Denied July 30, 1981.

Certiorari Granted Oct. 26, 1981.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Morgan Rumler, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Miller & Gray, P. C., William R. Gray, Boulder, for defendant-appellant.

TURSI, Judge.

Defendant, Bruce Wilson Jones, Jr., appeals his conviction of second degree assault. We reverse.

The dispute between defendant and the complaining witness, Frisco, arose out of the sale of defendant's used car to Frisco. Frisco became dissatisfied with the car, returned it to defendant, but retained possession of the car keys and title. An argument ensued, and Frisco advised defendant that he intended to stop payment on the check he had written to pay for the car.

On September 21, 1978, defendant, a police officer, went to Frisco's place of business to obtain the keys and title. Another argument developed. Three of Frisco's acquaintances whom defendant believed to be Frisco's "reinforcements" were summoned into the establishment by Frisco.

At trial, defendant testified that Frisco hit him first and that as he retreated, he could sense Frisco's friends coming toward him. He testified that one of Frisco's friends began to twist his arm and that he was struck a couple of times; he could not tell who was hitting him because his glasses had been knocked off. He also testified that another of Frisco's friends reached into his belt for his gun and that he was afraid he might be shot. Defendant then testified that he managed to extricate his "sap," and he swung it around in order to protect himself from the four people who were attacking him. Although the sap struck Frisco, defendant stated that he had no idea whom he had hit. Defendant's testimony was contradicted by testimony introduced by the People.

I.

Defendant first contends that the trial court improperly instructed the jury with respect to his affirmative defense of self-defense and that the instruction given by the trial court did not accurately embody his theory of the case. We agree.

In presenting his affirmative defense, defendant tendered the following instruction:

"It is an affirmative defense to the crime of Second Degree Assault that the Defendant used physical force upon another person:

1) In order to defend himself or a third person from what he reasonably believed to be the use or imminent use of unlawful

physical force by David Frisco, *or his associates* and;

2) He used a degree of force which he reasonably believed to be necessary for that purpose." (emphasis added)

The trial court refused to include the words "or his associates" in the self-defense instruction and stated that defendant could not claim reasonable fear of Frisco's friends as a basis for self-defense since only Frisco had been hit.

■ A defendant in a criminal case is entitled to an instruction based on his theory of the case so long as the tendered instruction is in proper form and is based upon evidence in the record. *People v. Meller*, 185 Colo. 389, 524 P.2d 1366 (1974); *People v. Travis*, 183 Colo. 255, 516 P.2d 121 (1973).

■ When a person has reasonable grounds for believing, and does in fact actually believe that he is in imminent danger of bodily harm, he may act on such appearances and defend himself, although he may have been mistaken as to the extent of the real or actual danger. *Young v. People*, 47 Colo. 352, 107 P. 274 (1910). Here, defendant's testimony established that he believed he was being attacked by four people simultaneously and that he struck out at all of them to protect himself. Consequently, he was entitled to an instruction that his use of physical force to defend himself, which resulted in his striking Frisco, was justified if he reasonably believed he was in danger of bodily harm from any person in the group. *People v. La Voie*, 155 Colo. 551, 395 P.2d 1001 (1964); *see Maes v. People*, 166 Colo. 15, 441 P.2d 1 (1968). According to the instruction which was given, any apprehension of injury which derived from the other people in the group could not be used to justify defendant's striking Frisco, and it, therefore, improperly restricted defendant's right to assert self-defense in a multiple assailant situation.

## II.

■ Defendant next contends that the trial court erred in denying his motion to suppress evidence which was seized from his car without a warrant. We disagree.

The record supports the trial court's conclusion that the impoundment of defendant's car was valid. *See Cady v. Dombrowski*, 413 U.S. 433, 93 S.Ct. 2523, 37 L.Ed.2d 706 (1973); *People v. Hicks*, 197 Colo. 168, 590 P.2d 967 (1979). The scope of the inventory search was within the limits outlined in *South Dakota v. Opperman*, 428 U.S. 364, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976) and *People v. Counterman*, 192 Colo. 152, 556 P.2d 481 (1976). The items obtained from the car may be admissible at trial subject to the rules of relevancy.

## III.

Defendant finally contends that the trial court erred in restricting the scope of cross-examination of the complaining witness. Defendant raises several specific grounds for error, three of which we will address here in case the same questions arise on retrial.

■ First, defendant claims that he should have been permitted to cross-examine Frisco concerning a misdemeanor menacing conviction. He argues that the People had "opened the door" by eliciting direct testimony about Frisco's law-abiding nature. While § 13–90–101, C.R.S.1973, does not permit the use of a witness' prior misdemeanor conviction for impeachment purposes, "this rule was never intended to prohibit testimony tending to show motive, bias, prejudice or interest of a witness in the outcome of a trial." *People v. King*, 179 Colo. 94, 498 P.2d 1142 (1972). Here, defendant attempted to establish that Frisco had an interest in testifying that defendant was the initial aggressor. Frisco had been given a deferred sentence on a prior felony, and the misdemeanor conviction in question was the basis for a pending request by the district attorney to revoke his deferred sentence. Defendant was not allowed to develop the fact that Frisco was plea bargaining for dismissal of the petition to revoke the deferred sentence. The trial court's restriction of such crucial cross-examination constitutes prejudicial error. *See People v. Mejia*, 188 Colo. 120, 534 P.2d 779 (1975); *People v. Terranova*, 38 Colo. App. 476, 563 P.2d 363 (1977). The trial

court compounded this error by refusing to allow defendant to inquire into concessions granted Frisco on charges against him growing out of this incident.

■ Defendant also claims that the trial court erred in refusing to allow him to impeach Frisco about the check he had written as payment for the car. Defendant attempted to show that Frisco had forged his mother's name on the check; that the check would have been dishonored because the account on which it was drawn contained insufficient funds; and, that Frisco's mother, rather than Frisco, had stopped payment on the check. He argues that this evidence points to a possible motive for Frisco's returning the car and that it would explain why Frisco was so anxious to reacquire the check he had given defendant. Again, we agree. Defendant's attempted cross-examination was not impeachment on a collateral matter. In foreclosing defendant from presenting such evidence, the trial court substantially impinged upon his right of confrontation. *See Pointer v. Texas*, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965); *People v. King, supra; People v. Simmons*, 182 Colo. 350, 513 P.2d 193 (1973).

■ Finally, we address defendant's contention that the trial court erred in not allowing him to introduce evidence of Frisco's turbulent nature by specific prior acts of violence. Defendant admitted that at the time of the incident he had no knowledge of these prior violent acts, but he wished to introduce them for the limited purpose of corroborating his direct testimony that Frisco was the initial aggressor.

■ The People cite the general rule that prior acts of violence are not admissible to establish self-defense unless the defendant has knowledge of the prior acts of violence at the time of the incident. This is correct when the essential element of self-defense to be established is the reasonableness of defendant's belief that he is the victim of an unlawful assault. *See People v. Ferrell*, Colo., 613 P.2d 324 (1980). However, when the purpose of the evidence is to show a pertinent character trait of the victim from which it may be inferred that he was the initial aggressor, that trait may be shown by specific instances of past conduct, and prior knowledge by the defendant is not necessary. Colorado Rules of Evidence 404(a)(2) and 405(b); *see* Fed.R.Evid. 404 and 405 (Advisory Committee Comments).

Defendant's remaining contentions regarding limitations on his cross-examination of Frisco are moot.

The judgment is reversed and the cause is remanded for a new trial.

SMITH and KIRSHBAUM, JJ., concur.