The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Calvin RENFROW,
Defendant-Appellant.

No. 84CA0533.

Colorado Court of Appeals,
Div. II.

June 27, 1985.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Clement P. Engle, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Public Defender, Jess M. Perez, Deputy Public Defender, Denver, for defendant-appellant.

METZGER, Judge.

The sole issue presented in this appeal is whether the trial court erred in prohibiting defense counsel from cross-examining the victim of an aggravated robbery concerning her refusal to submit to a polygraph examination. We conclude that the trial court's ruling was correct and affirm defendant's conviction.

The victim was robbed at gunpoint by two men who forced their way into her home at 12:30 a.m., and took jewelry and video cassette equipment. They ransacked her home, indicating several times that they were looking for a large amount of money which they said they were unable to find. She called the police immediately after their departure and reported the foregoing facts.

The following day the victim reported to the police that while "cleaning up the mess" she discovered that $2,200 in cash was also missing. The police requested that the victim submit to a polygraph examination but she refused.

Prior to trial, the trial court granted the People's motion in limine, thus excluding any reference to the victim's refusal to take the polygraph examination.

Defendant contends that the trial court's ruling infringed upon his right to confrontation pursuant to the Sixth Amendment. Relying on *Davis v. Alaska*, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974), *People v. King*, 179 Colo. 94, 498 P.2d 1142 (1972) and *People v. Jones*, 675 P.2d 9 (Colo.1984), he asserts that he was precluded from eliciting testimony tending to show motive, bias, prejudice, or interest of the witness in the outcome of the trial. We disagree.

In *Mills v. People*, 139 Colo. 397, 339 P.2d 998 (1959) our supreme court disapproved the admission of evidence that the defendant had refused to take a polygraph examination, concluding that such a refusal is not probative evidence of consciousness

of wrongdoing. Moreover, in *People v. Anderson*, 637 P.2d 354 (Colo.1981), our supreme court held that "any evidence of polygraph results and testimony of polygraph examiners is *per se* inadmissible in a criminal trial," finding that "such evidence is not competent because of the lack of any standards for qualifications of polygraph examiners, the unreliability of the polygraph technique, and the potential prejudice to the jury process."

The logical consequence of *People v. Anderson, supra,* is to preclude any evidence in a criminal trial concerning a polygraph examination, including not only its results but also the fact that one was offered, given, or refused. Thus, the trial court properly excluded defendant's proffered evidence, which was incompetent as a matter of law, and, thus, there was no violation of defendant's right to confrontation.

Moreover, the pivotal issue in this trial was identification, not the victim's belated report of the missing $2,200. Defense counsel enjoyed wide latitude in cross-examining the victim concerning both the robbery and the report. Consequently, the defendant's right to confrontation was not violated.

Judgment affirmed.

SMITH and KELLY, JJ., concur.