**The PEOPLE of the State of Colorado,**
**Plaintiff-Appellee,**

v.

**Glen A. STOWERS,**
**Defendant-Appellant.**

**No. 84CA0484.**

Colorado Court of Appeals,
Div. I.

July 3, 1986.

Rehearing Denied Aug. 28, 1986.

Certiorari Denied Nov. 17, 1986.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Curt P. Kriksciun, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Richard A. Hostetler, Special Deputy State Public Defender, Denver, for defendant-appellant.

BABCOCK, Judge.

Defendant, Glen Stowers, appeals the judgment of conviction entered upon jury verdicts finding him guilty of five counts of felony theft. He alleges error in an evidentiary ruling and in instructions given to the jury. We affirm.

The victims were related corporations which were previous employers of defendant. The alleged thefts by defendant occurred during the time he served as a manager of these corporations. Defendant's theory of defense was that he lacked specific intent to steal because he thought he was entitled to the money as compensation for his employment and as reimbursement for sums he had advanced to his employers.

Defendant first asserts that the trial court erred in its pretrial order preventing him from making reference to, or introducing evidence of, a law suit that he had filed against the victims shortly before trial. We disagree.

To be admissible, evidence must be relevant. CRE 402. Relevant evidence is evidence having any tendency to make a fact that is of consequence to the determination of the action more or less probable than it would be without the evidence. CRE 401.

Evidence, although relevant, may be excluded in the discretion of the trial court if its probative value is substantially outweighed by the danger of unfair prejudice or of misleading the jury. CRE 403.

Evidence of the existence of a civil action instituted by the victim of a crime may be relevant if the allegations contained in the civil complaint negate an element of the offense charged or reflect on the credibility of a witness' testimony. *Kreiser v. People,* 199 Colo. 20, 604 P.2d 27 (1979). However, the mere existence of a civil action, without more, is not competent evidence of the possible bias of a witness. *Cf. People v. King,* 179 Colo. 94, 498 P.2d 1142 (1972).

■ Here, defendant's civil suit was filed just eleven days before his criminal trial began. The allegations in the complaint referred to monies and property allegedly owed to or withheld from him by the victims, not at the time of the thefts, but rather at the time of his discharge from employment. We fail to see how these self-serving allegations in any way contradict or negate the defendant's state of mind at the time of the commission of the thefts. *See Kreiser v. People, supra.*

Further, there was no showing how the allegations in the complaint revealed inconsistencies in the statements of any prosecution witness. *See Kreiser v. People, supra.* The only possible relevance was the potential bias of representatives of the corporate victims in light of their knowledge of the pending suit. *See People v. Simmons,* 182 Colo. 350, 513 P.2d 193 (1973). Here, however, none of the prosecution witnesses were named parties in defendant's civil suit.

Moreover, as the trial court concluded, if the defendant were allowed to introduce his self-serving civil complaint filed after criminal charges were brought against him as probative of his lack of intent or the bias of prosecution witnesses, the jury could be misled and the potential for unfair prejudice would be great. If such evidence were permitted, the defendant could create an inference of bias by his own unilateral act,

rather than being required to establish bias through an act of the witness in question. *See Kreiser v. People, supra.*

Therefore, we hold that such evidence is inadmissible and the trial court did not abuse its discretion in preventing defendant from introducing or referring to the civil suit. *See People v. Lowe,* 660 P.2d 1261 (Colo.1983).

■ There is no merit to defendant's next contention that the trial court erred by failing to include the requirement of proof beyond a reasonable doubt in his theory of the case instruction. The instructions, considered as a whole, fully informed the jury of defendant's theory of the case and the prosecution's burden of proof. *See People v. Deadmond,* 683 P.2d 763 (Colo. 1984).

Also without merit is defendant's contention that the trial court erred in not giving his tendered instruction that evidence of restitution may negate wrongful intent. The restitution instruction given by the trial court is fully supported by the law. *See People v. American Health Care, Inc.,* 42 Colo.App. 209, 591 P.2d 1343 (1979); *People v. Collie,* 682 P.2d 1208 (Colo.App. 1983).

■ Defendant's final contention is that the trial court erred in admitting certain business records over his chain of custody objection. However, there was continuous control and possession of the records by the district attorney's office from the time they were turned over to it until trial, and defendant's assertion of possible tampering with them while they were in the district attorney's possession was sheer speculation. *See People v. Atencio,* 193 Colo. 184, 565 P.2d 921 (1977). Therefore, the trial court correctly ruled that any weakness in the chain of custody was a question of weight for the jury. *People v. Atencio, supra.*

The judgment is affirmed.

ENOCH, C.J., and KELLY, J., concur.