**Joseph PORTER, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 87–628.**

District of Columbia Court of Appeals.

Submitted June 13, 1989.
Decided July 13, 1989.

Walter S. Booth, Washington, D.C., was on the brief, for appellant.

Jay B. Stephens, U.S. Atty., Michael W. Farrell, Asst. U.S. Atty. at the time the brief was filed, and Elizabeth Trosman and Charles M. Steele, Asst. U.S. Attys., Washington, D.C., were on the brief for appellee.

Before ROGERS, Chief Judge,
TERRY, Associate Judge, and PRYOR,
Senior Judge.

PER CURIAM:

In this appeal from his conviction by a jury of possession with intent to distribute phencyclidine (PCP), and possession with intent to distribute marijuana, D.C.Code § 33–541(a)(1) (1988 Repl.), appellant Joseph Porter contends that he was denied his right to cross-examine the key government witness, a police officer, regarding his bias as a result of appellant's pending civil suit against the police department. We affirm.

I

Joseph Porter was observed by police officers engaging in a drug transaction in a heavy drug trafficking area. When a police officer told him to stop, Porter walked and then ran away, keeping his hands in his pockets. Officer Sixkiller, witnessing

the chase, pointed his gun at Porter and ordered him to remove his hands from his pockets. About two feet from the officer, Porter pulled a plastic bag out of his pocket and threw it to the ground; this bag contained eleven separate tinfoil packages of PCP-laced marijuana. Officer Sixkiller and Porter engaged in a struggle, and the officer struck Porter in the head several times with his revolver. Officer Gealy helped Officer Sixkiller in subduing Porter; in doing so, he also saw the small tinfoil packets on the ground near Porter.

Porter's defense was that he had been talking to friends in the area and left the courtyard when the police came. He claimed that Officer Sixkiller beat him up, and denied that he had thrown anything on the ground when the officer confronted him. During cross-examination of Officer Sixkiller, the prosecutor objected to a question posed by the defense counsel to Officer Sixkiller regarding whether the officer had obtained "information" during an interview with Porter at the police station. At a bench conference, in response to the trial court's request for a proffer, defense counsel explained:

> [DEFENSE COUNSEL]: Your Honor, I'm trying to elicit from him whether or not he told another police officer that this was the guy who was shot by Sgt. so-and-so in an earlier incident.

The prosecutor stated that he failed to see the relevance of that line of questioning, and defense counsel explained that he was seeking to show bias. When asked by the trial court how that would show bias, defense counsel responded:

> [DEFENSE COUNSEL]: It has to do with the actions that they took, and the possible setting him up in this whole case.
>
> Your Honor, you recall that you're looking over his case, that he had an earlier assault on a police officer.

The following exchange ensued between the trial court and defense counsel:

> THE COURT: I saw that, sir. But, you know, I could stretch it, if the statement was, this is the guy that shot Sgt. so-and-so. I can't conceive of the bias the other

way. This is the guy that was shot by Sgt. so-and-so.

> [DEFENSE COUNSEL]: Because, Your Honor, he was charged with assaulting a police officer when he was shot. At that time, that case was subsequently dismissed, and there's a civil suit which was filed by Mr. Porter with another attorney against the police department in connection with that shooting. And what I'm trying to determine is whether or not he is the one who said this, and whether some other police officer said it to him in Mr. Porter's presence down there.

> THE COURT: Now, your question was, you asked if Mr. Porter made any statements?

> [DEFENSE COUNSEL]: Well, I was leading into whether any—whether they made any statements to Mr. Porter or to one of the other police officers in Mr. Porter's presence, which would indicate that they did know who he was, and that he was the person who had been involved in that assault on that police officer earlier.

> THE COURT: Is that the extent of what you would hope to draw out, [defense counsel]?

> [DEFENSE COUNSEL]: That's correct, Your Honor. It would go to the question of bias, and the accuracy of their testimony today.

> THE COURT: Is this particular officer a defendant in a civil action?

> [DEFENSE COUNSEL]: Not that I know of, no, Your Honor.

> THE COURT: It's stretching it too much, [defense counsel]. The objection will be sustained.

## II

■ Appellant contends that the trial court erred in barring him from cross-examining Officer Sixkiller on the issue of bias stemming from appellant's previous assault on an unnamed police officer and his pending civil action against the police department and the same unnamed police

officer.[1] Although possible bias of a principal government witness is always a proper subject for cross-examination, *Springer v. United States*, 388 A.2d 846, 855 (D.C. 1978), the right to explore that possibility is not without limits, *Deneal v. United States*, 551 A.2d 1312, 1315 (D.C.1988) (citing *Washington v. United States*, 499 A.2d 95, 101 (D.C.1985)). The party posing the question must proffer to the court some facts which support a genuine belief that the witness is biased in the manner asserted, *see Jones v. United States*, 516 A.2d 513, 517 (D.C.1986), that there is a specific personal bias on the part of the witness, 3A WIGMORE, EVIDENCE § 945 (Chadbourn rev. 1970) *(cited in Deneal, supra,* 551 A.2d at 1315), and that the proposed questions are probative of bias, *see Best v. United States*, 328 A.2d 378, 381–82 (D.C.1974).

The government claims that the proffer was insufficient under *Jones* and *Deneal, supra,* because defense counsel failed to connect the incidents in question and Officer Sixkiller's alleged bias. The government contends also that since the defense proffer had to do with a possible conversation Officer Sixkiller had with another police officer in Porter's presence after, as opposed to before, Porter's arrest, it did not establish a basis for bias arising from the alleged set up of Porter. However, *Best, supra,* clarified that the alleged incident showing bias needed only to have preceded the officer's testimony; it was immaterial that the alleged conversation preceded the arrest as far as a proffer of testimonial bias was concerned. 328 A.2d at 381.

■■■ We agree, however, with the government's contention that defense counsel's failure to proffer that Officer Sixkiller had actual knowledge of the pending civil suit against the police department was fatal to establishing Officer Sixkiller's bias. The general rule for using a pending civil action to prove bias of a witness is that the action must involve either the same parties, the same facts, or the same acts constituting the offense at issue. *See* 98 C.J.S. *Witnesses* § 560m (1957); *cf. Smith v. United States*, 389 A.2d 1364, 1370–71 (D.C.1978) (cross-examination of complaining witness on her status as police informant in other cases not involving defendant irrelevant to issue of her possible bias toward defendant). That Officer Sixkiller was not the officer involved in the assault or in Porter's pending civil action influenced the judge to disallow the line of questioning regarding possible bias as being too remote. *See also Pack v. State*, 571 P.2d 241, 246 (Wyo.1977). We find no abuse of discretion; the trial judge has wide latitude to impose reasonable limits on cross-examination as to the potential bias of a witness based on concerns about, among other things, harassment, prejudice, confusion of the issues, or interrogation that is only marginally relevant. *Delaware v. Van Arsdall,* 475 U.S. 673, 679, 106 S.Ct. 1431, 1435, 89 L.Ed.2d 674 (1986). Appellant made no offer of proof that Officer Sixkiller had actual knowledge of the pending lawsuit or the underlying assault incident, *see People v. Simmons,* 182 Colo. 350, 513 P.2d 193, 195 (1973) (in absence of actual knowledge on part of police officer of pending lawsuit against the city, cross-examination to show bias was irrelevant), nor presented any other evidence regarding the police department or the relationship between Officer Sixkiller and the officer named in the lawsuit which may have made such line of questioning relevant.[2] *See, e.g., Kleinrichert v. State,* 530 N.E.2d 321 (Ind.Ct.App.1988) (fact that most officers knew defendant and that the police department was small supports view that a lawsuit against one member of the department might bias another). "[A]n exhaustive proffer is not normally a strict requirement

---

1. On appeal, appellant claims for the first time that he has a pending law suit against Officer Sixkiller as well. There is nothing in the record to support this contention, and since defense counsel told the trial court that Officer Sixkiller was not a defendant in the civil action, we analyze his claim on that basis. *See Byrd v. United States,* 502 A.2d 451, 453 (D.C.1985).

2. As noted by the government in its brief on appeal, "Had counsel specifically proffered that Sixkiller knew of the earlier incident and the lawsuit ... the situation might well have been different." Appellant has not developed his theory of bias on appeal either.

for initiation of a line of cross-examination," *Jones, supra,* 516 A.2d at 517 (quoting *Best, supra,* 328 A.2d at 382), but Porter failed to proffer even the minimal facts to support his claim of bias.

Accordingly, we affirm.[3]

---

**3.** Appellant's other claim, that there was insufficient evidence to support his conviction, is meritless. Appellant attacks the testimony of Officer Sixkiller as "standing alone and uncorroborated as the only probative evidence of possession." Viewing the evidence in the light most favorable to the government, and recognizing that the jury could credit the testimony of Officer Sixkiller and the other government witnesses and discredit appellant's testimony and that of his witnesses, *Shelton v. United States,* 505 A.2d 767, 769 (D.C.1986); *Franey v. United States,* 382 A.2d 1019, 1022 (D.C.1978), we find that a reasonable juror could have found appellant guilty beyond a reasonable doubt, *Grogan v. United States,* 435 A.2d 1069, 1071 (D.C.1981).