Edward L. HAYWARD, Appellant,

v.

UNITED STATES, Appellee.

No. 89–CF–539.

District of Columbia Court of Appeals.

Argued May 26, 1992.
Decided Aug. 21, 1992.

---

Betty M. Hunter, Washington, D.C., appointed by the court, for appellant.

J. Patrick Rowan, Asst. U.S. Atty., with whom Jay B. Stephens, U.S. Atty., and John R. Fisher, Asst. U.S. Atty., Washington, D.C., were on the brief, for appellee.

Before FERREN and KING, Associate Judges, and BELSON, Senior Judge.

KING, Associate Judge:

 Appellant was indicted and convicted of: (1) armed assault with intent to kill, D.C.Code §§ 22–501, –3202 (1989 Repl. & 1991 Supp.); (2) armed mayhem, D.C.Code §§ 22–506, –3202 (1989 Repl. & 1991 Supp.); (3) carrying a pistol without a license, D.C.Code § 22–3204(a) (1991 Supp.); (4) threatening to injure a person, D.C.Code § 22–2307 (1989 Repl.); and (5) obstructing justice, D.C.Code § 22–722(a)(1) (1989 Repl.). He was sentenced to a term of fifteen years to life on count one; an identical term, concurrent, on count two; one year, consecutive, on count three; six months, consecutive, on count four; and one year to three years, consecutive, on count five. Appellant contends in this appeal that the court erred in: (1) foreclosing bias cross-examination of an eye-witness; (2) improperly amending the indictment for the obstruction of justice charge; (3) failing to give an appropriate lesser included offense instruction for the armed mayhem charge; and (4) entering judgments based

upon insufficient evidence. The government concedes that reversal is required for grounds (2) and (3),[1] and we agree. We find no error with respect to the remaining claims raised by appellant.

## I.

Late one evening in May 1988, Allan Hale, the complaining witness, entered a convenience store on Benning Road, S.E., to make some purchases. While inside the premises he became embroiled in an argument with another patron who threatened to kill him. The threatening patron left the store, and Hale himself also left after delaying his departure for a moment in the hope the patron would leave the area. When Hale got outside, the patron approached, produced a handgun, and again threatened to kill him. The patron fired the gun, striking Hale in the right hip, and then fled. Hale later identified appellant in a lineup photo and again in court as the man who had argued with him inside the store and who later shot him outside the store.

The cashier at the store, John Bush, witnessed both the argument and the shooting. He testified that the assailant had been in the store previously and that his nickname was "Moochey." He also identified appellant from the lineup photo and again in court. A video tape of the incident inside the store was examined by Bush immediately after the shooting. He identified someone other than appellant as the shooter but minutes later had a change of heart claiming his initial reluctance to make an identification was based upon a desire not to get involved. He then identified appellant from a photo spread.

The next day appellant confronted Bush claiming that he had heard that Bush had snitched on him. Bush denied doing so, claiming someone else had identified appellant to the police. Appellant responded that he was going to find out whether Bush snitched on him. He then said he "was going to straighten whoever made a comment about him that night to the police." It is these statements which serve as the basis for the charges of threats to injure and obstruction of justice.

There was medical testimony that Hale was hospitalized four weeks with his injury, that his hip joint had been fractured by the bullet, that he would likely develop arthritis type symptoms which could cause him to walk with a limp and which would cause progressively worse pain.

## II.

As noted, two of the claims raised by appellant are conceded by the government. One such claim relates to the obstruction of justice count which in the indictment charges a violation of D.C.Code § 22–722(a)(1).[2] Specifically, the indictment charged:

> On or about May 19, 1988, within the District of Columbia, Edward L. Hayward endeavored corruptly and by threats and force to influence, intimidate, and impede John Bush in the discharge of his duties as a witness in the Superior Court of the District of Columbia, to the assault with intent to kill charged in the first count of this indictment. (Obstructing Justice, in violation of 22 D.C.Code, Section 722(a)(1))[.]

At the government's request the trial court amended the indictment to charge a violation of paragraph (3) rather than paragraph (1).[3] The trial judge instructed the

---

1. Appellant requested that the trial judge instruct the jury that it could consider assault with a dangerous weapon as a lesser included offense for both armed assault with intent to kill and armed mayhem. The request was granted as to the former charge but denied as to the latter on the ground that it was not necessary to give the instruction for the same offense twice. The government concedes that there is evidence in the record that would support assault with a dangerous weapon as a lesser included offense of armed mayhem, and that it

was reversible error for the trial court to deny the request for the instruction. We agree. *See Moore v. United States*, 599 A.2d 1381 (D.C. 1991). Accordingly, the judgment of conviction for the offense of armed mayhem is reversed.

2. See footnote 1 for the other claim.

3. The applicable statutory provisions are:

 (a) A person commits the offense of obstruction of justice if that person:

jury pursuant to paragraph (3) and, assuming the jury followed the court's instruction, it is that provision which served as the basis for the jury's verdict. In short, appellant was convicted of an offense different from that charged in the indictment and as a result he is entitled to a reversal of his conviction.[4] *Scutchings v. United States,* 509 A.2d 634, 638–639 (D.C.1986).

### III.

Appellant also contends that the trial court erred in denying him the opportunity to cross-examine Bush on a point which he claims would show bias. Specifically appellant claims that he had a reputation in the community for being a violent individual, that the witness was aware of appellant's reputation, and that because the witness knew appellant's reputation, the witness assumed appellant was the assailant.

It is well settled that although possible bias on the part of a principal government witness is always a proper subject for cross-examination, such inquiry is not without limits. *Deneal v. United States,* 551 A.2d 1312, 1315 (D.C.1988). Counsel, in laying a foundation for the questioning of a witness on the asserted ground of bias, is required to:

> proffer to the court some facts which support a genuine belief that the witness is biased in the manner asserted ..., that there is a specific personal bias on the part of the witness ..., and that the proposed questions are probative of bias.

*Porter v. United States,* 561 A.2d 994, 996 (D.C.1989) (citations omitted). Appellant has failed to meet these standards.

(1) Corruptly, or by threats or force, endeavors to influence, intimidate, or impede any juror, witness, or officer in any court of the District of Columbia in discharge of his or her duties;

......

(3) Wilfully endeavors by means of bribery, misrepresentation, intimidation, or force or threats of force, to obstruct, delay, or prevent the communication to an investigator of the District of Columbia by any person of information relating to a violation of any criminal statute in effect in the District of Columbia; D.C.Code § 22–722(a)(1), (3) (1989 Repl.).

Bias relates to a witness's "testimonial motivation," i.e., whether the witness has an interest in the parties or proceedings that may color the witness's testimony. *Coligan v. United States,* 434 A.2d 483, 485 (D.C.1981); *see Davis v. Alaska,* 415 U.S. 308, 316, 94 S.Ct. 1105, 1110, 39 L.Ed.2d 347 (1974). The foundation must suggest that, for the reasons asserted, the witness had a motive to lie. *Burgess v. United States,* 608 A.2d 733, 736 (D.C. 1992).

No such showing was made here. Appellant presented no facts which would suggest that the witness's attitude toward appellant was affected by his so-called reputation or that the witness was even aware of it. The real issue was whether the witness had accurately identified appellant as Hale's assailant. To that end, he was closely cross-examined about his ability to observe the events outside while he was tending to his responsibility inside the store and his reason for not identifying appellant originally on the video tape. We do not believe that the proffered line of inquiry would have been relevant to bias or the real issue in the case, *i.e.,* the identification of appellant as Hale's assailant.

Even if there was error, which we do not find, it would have been harmless beyond a reasonable doubt. *See Delaware v. Van Arsdall,* 475 U.S. 673, 684, 106 S.Ct. 1431, 1438, 89 L.Ed.2d 674 (1986). Mr. Bush's testimony, although corroborative, was hardly essential to the government's case. The complaining witness identified appellant both in the lineup photo and in court. In addition, the video tape of events inside the store corroborated much of Hale's testimony. Moreover, the jury

4. Citing *Montana v. Hall,* 481 U.S. 400, 402–04, 107 S.Ct. 1825, 1826–27, 95 L.Ed.2d 354 (1987) (*per curiam*), the government maintains that upon remand it would be entitled to "indict and try appellant again for obstruction of justice." Other than that passing reference by the government, this point was neither briefed nor argued by the parties, and we do not decide it. If, upon remand, the government seeks to reindict, the issue can be addressed, in the first instance, by the trial court.

could have found a consciousness of guilt in the threats directed to Bush by appellant. Finally, we think it unlikely that evidence that appellant had a reputation for committing violent acts would be more probative, with respect to the credibility of Bush's testimony, than prejudicial to appellant's cause.[5]

### IV.

For the reasons stated, the judgments of conviction for count (1) (armed assault with intent to kill) and count (3) (carrying a pistol without a license) are affirmed; the judgments of conviction for count 2 (armed mayhem) and count (5) (obstruction of justice) are reversed; and the judgment of conviction on count (4) (threats to injure) is affirmed.[6]

*Reversed in part,*

*Affirmed in part,*

*Remanded in part.*

---

5. On the armed assault with intent to kill, the armed mayhem, and the carrying a pistol without a license charges, the evidence, as recited in the statement of facts, was overwhelming. *See Shelton v. United States,* 505 A.2d 767, 769 (D.C. 1986). We are also satisfied that the government presented sufficient evidence from which a jury could reasonably find that appellant committed both the threats to injure and the obstruction of justice charges. *See United States v. Baish,* 460 A.2d 38, 41–42 (D.C.1983) (threats to injure); *Payne v. United States,* 516 A.2d 484, 499–500 (D.C.1986) (obstruction of justice).

6. In addition to the issues raised by appellant, the government claims that the sentence imposed for the threats to injure offense is illegal. Appellant was indicted and convicted under the felony threats statute, D.C.Code § 22–2307. He was sentenced to six months imprisonment on the theory, voiced by the sentencing judge, that the conduct only amounted to a misdemeanor. We previously held that the identical action was error in *Joiner v. United States,* 585 A.2d 176, 180 (D.C.1991), a case decided after the sentencing in this case. Pursuant to *Joiner,* we remand for correction of the illegal sentence imposed for this offense.